UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 12-10343 |
| | ) | (Jointly Administered) |
| R & M AVIATION, INC., et al., | ) | Chapter: 11 |
| | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**FINAL ORDER AUTHORIZING: (A) PAYMENT OF PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION; (B) REIMBURSEMENT OF PREPETITION EMPLOYEE BUSINESS EXPENSES; (C) PAYMENTS FOR WHICH PREPETITION PAYROLL AND TAX DEDUCTIONS WERE MADE; (D) CONTRIBUTIONS TO PREPETITION EMPLOYEE BENEFIT PROGRAMS; (E) PAYMENT TO THIRD PARTIES OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (F) APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PAY ALL CHECKS AND TRANSFERS DRAWN ON THE DEBTORS' PAYROLL ACCOUNTS TO MAKE THE FOREGOING PAYMENTS**

This matter coming before the Court on the Motion For An Interim Order Authorizing: (A) Payment Of Prepetition Employee Wages, Salaries, And Other Compensation; (B) Reimbursement of Prepetition Employee Business Expenses; (C) Payments For Which Prepetition Payroll And Tax Deductions Were Made; (D) Contributions To Prepetition Employee Benefit Programs; (E) Payment To Third Parties Of All Costs And Expenses Incident To The Foregoing Payments And Contributions; And (F) Applicable Banks And Other Financial Institutions To Honor And Pay All Checks And Transfers Drawn On The Debtors' Payroll Accounts To Make The Foregoing Payments (the "Motion"), filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and all pleadings related thereto, including the Cece Affidavit, and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion and the Hearing was sufficient under the circumstances; it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court finding that, absent the relief granted herein, the Debtors would suffer "immediate and irreparable harm," as such term is used in Bankruptcy Rule 6003; the Court having entered an interim order granting the relief requested in the Motion on March 20, 2012, and no party having objected to the relief requested in the interim order being granted on a permanent basis before the applicable objection deadline; and the Court having determined that the legal and factual bases set forth in the Motion and the Cece Affidavit and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to continue to honor and pay in the ordinary course all prepetition amounts relating to: (i) Unpaid Wages, estimated to be approximately $225,000; (ii) Reimbursable Expenses,

estimated to be approximately $4,000; (iii) Payroll Taxes, estimated to be approximately $60,000; and (iv) Deductions, estimated to be $20,000.

3. The Debtors shall pay no more than 25% in excess of each of the estimated amounts identified in the immediately preceding paragraph.

4. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to honor, in the ordinary course of business, all liabilities to the Employees that arose under their Paid Time Off policies or practices prior to the Petition Date.

5. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to continue to pay postpetition Wages in the ordinary course and in accordance with their prepetition practices and policies.

6. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to continue to pay all postpetition Reimbursable Expenses in the ordinary course and in accordance with their prepetition practices and policies.

7. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to continue to allocate and distribute all postpetition Payroll Taxes and Deductions in the ordinary course and in accordance with the Debtors' policies and prepetition practices.

8. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to continue to make all payments to third parties incident to payment of the Employee Wages and Benefits.

9. Subject to available funds, (i) the Debtors' banks are authorized to honor prepetition checks and transfers in accordance with this Order on or after the Petition Date, and (ii) the Debtors' banks and financial institutions are authorized to process and honor all other checks and transfers issued for payments approved by this Order and/or reissue checks for any payments approved by this Order where checks may be dishonored postpetition.

10. Any bank that honors a check or transfer in accordance with the immediately preceding paragraph may do so without any duty of further inquiry and without liability for following the Debtors' instructions.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12. Pursuant to Bankruptcy Rule 6004(h), this Order is final and shall be immediately effective and enforceable upon its entry.

Enter:

Dated: APR 0 5 2012

United States Bankruptcy Judge

**Prepared by:**

Rev: 20120209_bko

NEAL, GERBER & EISENBERG LLP
Mark A. Berkoff (ARDC #6194787)
Nicholas M. Miller (ARDC #6295723)
Kevin G. Schneider (ARDC #6302942)
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

PROPOSED ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION