## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| R & M AVIATION, INC., <u>et al.</u>,[1] | Case No. 12-10343 (PSH) |
| Debtors. | Jointly Administered |
| | Hearing:  January 29, 2013 at 10:00 a.m. |

### <u>NOTICE OF MOTION</u>

**PLEASE TAKE NOTICE** that on **January 29, 2013 at 10:00 a.m.**, or as soon thereafter as may be possible, we shall appear before the **Honorable Pamela S. Hollis** or any other Judge sitting in her stead, in **Courtroom 644** of the Dirksen Federal Building, 219 South Dearborn, in Chicago, Illinois, and shall then and there present the attached **Motion of the Debtors for (I) an Order (a) Establishing Bidding Procedures for the Sale of Certain Assets; (b) Setting Final Sale Hearing Date and (c) Approving Form of Notices; and (II) An Order Authorizing Sale of Certain Assets Free and Clear of Liens, Claims, Interests and Encumbrances**, and shall move the court for the entry of an order in accordance therewith.

Dated: Chicago, Illinois
      January 22, 2013

Respectfully submitted,

*/s/ Nicholas M. Miller*
Mark A. Berkoff (ARDC #6194787)
Nicholas M. Miller (ARDC #6295723)
Kevin G. Schneider (ARDC #6302942)
**NEAL, GERBER & EISENBERG LLP**
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

*Attorneys for Debtors and*
*Debtors in Possession*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are R & M Aviation, Inc. (1506); R&J Aviation, Inc. (2260); and AMTS Aircraft Holdings, LLC (6066).  All Debtors maintain an address at 43W526 US Highway 30, Sugar Grove, IL 60554.

## <u>CERTIFICATE OF SERVICE</u>

      Nicholas M. Miller, an attorney, certifies that on January 22, 2013, he caused the ***Motion of the Debtors for (I) an Order (a) Establishing Bidding Procedures for the Sale of Certain Assets; (b) Setting Final Sale Hearing Date and (c) Approving Form of Notices; and (II) An Order Authorizing Sale of Certain Assets Free and Clear of Liens, Claims, Interests and Encumbrances*** to be filed electronically using the Court's CM/ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to the following parties:

Barry M Barash
barashb@barashlaw.com, courtmail@barashlaw.com

Mark A Berkoff
mberkoff@ngelaw.com, cdennis@ngelaw.com;
ecfdocket@ngelaw.com; mmirkovic@ngelaw.com

Teresa M Dickinson
tdickinson@statmanharris.com

Dennis A Dressler
ddressler@dresslerpeters.com

Marc Ira Fenton
mfenton@statmanharris.com

Leo M Flanagan Jr
leo@attyflanagan.com, mkappler@attyflanagan.com

David J. Frankel
dfrankel@sormanfrankel.com;
bbehanna@sormanfranke.com

Patrick M. Jones
pmj@greensfelder.com, je@greensfelder.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Edward S. Margolis
emargolis@tellerlevit.com

Nicholas M Miller
nmiller@ngelaw.com; cdennis@ngelaw.com;
ecfdocket@ngelaw.com; mmirkovic@ngelaw.com

Kenneth D Peters
kpeters@dresslerpeters.com,
rmccandless@dresslerpeters.com

James M Philbrick
jmphilbrick@att.net

Louis J. Phillips
lphillips@pfs-law.com, msiedlecki@pfs-law.com

Kevin G Schneider
kschneider@ngelaw.com; ecfdocket@ngelaw.com

Michael Traison
traison@millercanfield.com,
wysocki@millercanfield.com,
swansonm@millercanfield.com

Bradley J Waller
bwaller@ksbwl.com, vmaurer@ksbwl.com

David A Wargula
 dwargula@dresslerpeters.com,
rmccandless@dresslerpeters.com

Thomas C. Wolford
twolford@ngelaw.com; ecfdocket@ngelaw.com

Bruce E de'Medici
bdemedici@gmail.com

Faith Dolgin
faith.dolgin@illinois.gov


      Additionally, the parties listed below were served via U.S. Mail delivery:

M. Gretchen Silver
Office of the United States Trustee
219 S. Dearborn, Room 873
Chicago, IL  60604

R & M Aviation, Inc. d/b/a AeroCare
   Medical Transport System, Inc.
Attn:  Joseph D. Cece
43W526 US Highway 30
Sugar Grove, IL  60554

NGEDOCS: 2049604.2

Illinois Department of Revenue
Bankruptcy Section – Level 7-425
100 West Randolph
Chicago, IL  60601

Internal Revenue Service
Mail Stop 5110 CHI
230 South Dearborn
Chicago, IL  60604

Dressler Peters, LLC
Attn:  Kenneth D. Peters, Dennis A. Dressler
and David A. Wargula
Counsel for First National Bank of Omaha
Successor by merger to Castle Bank, N.A.
111 West Washington Street, Suite 1900
Chicago, IL  60602

The Receivables Exchange, LLC
935 Gravier Street, 12th Floor
New Orleans, LA  70112

Richard A. Heidecke
Heidecke Law Offices
1550 Spring Road, 3rd Floor
Oak Brook, IL  60523

Barash & Everett, LLC
Attn:  Barry M. Barash
Counsel to Jet Air, Inc.
256 South Soangetaha Road
Galesburg, IL  61401

Statman Harris & Eyrich, LLC
Attn: Marc Fenton and Teresa Dickinson
Counsel for Fifth Third Bank
200 West Madison Street, Suite 3820
Chicago, IL  60606

Greensfelder, Hemker & Gale, P.C.
Attn:  Patrick M. Jones
Counsel for Creditors Committee
200 West Madison Street, Suite 2700
Chicago, IL  60606

Mercedes-Benz Financial Services USA LLC
c/o BK Servicing, LLC
P.O. Box 131265
Roseville, MN  55113-0011

Ascension Capital Group, Inc.
Attn: BMW Financial Services NA, LLC Department
Account: XXXXXXXXXXXX0483
P.O. Box 201347
Arlington, TX  76006

Annie E. Catmull
Josh T. Judd
Hoover Slavacek LLP
5847 San Felipe, Suite 2200
Houston, TX  77057

Louis J. Phillips
Patzik, Frank & Samotny Ltd.
150 South Wacker Drive, Suite 1500
Chicago, IL  60606

Sage-Popovich, Inc.
Post Office Box One
Valparaiso, IN  46385

Bruce E de'Medici
834 Forest Avenue
Oak Park, Illinois  60302

*/s/ Nicholas M. Miller*
Nicholas M. Miller

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| IN RE: | Chapter 11 |
| R & M AVIATION, INC., <u>et al.</u>,[1] | Case No. 12-10343 (PSH) |
| Debtors. | Jointly Administered |
|  | Hearing:  January 29, 2013 at 10:00 a.m. |

### MOTION OF THE DEBTORS FOR (I) AN ORDER
### (A) ESTABLISHING BIDDING PROCEDURES FOR THE SALE OF CERTAIN
### ASSETS; (B) SETTING FINAL SALE HEARING DATE AND (C) APPROVING FORM
### OF NOTICES; AND (II) AN ORDER AUTHORIZING SALE OF CERTAIN ASSETS
### FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

The above-captioned debtors and debtors-in-possession (the "Debtors") file this motion

pursuant to Bankruptcy Code Sections 105 and 363 and Fed. R. Bankr. P. 2002 and 6004 for

entry of (i) an order, substantially in the form attached hereto as Exhibit A (the "Bidding

Procedures Order") (a) establishing bidding procedures for the sale of certain assets; (b) setting a

final sale hearing date; and (c) approving the form of notices thereof; and (ii) an order,

substantially in the form attached hereto as Exhibit B (the "Sale Order"), authorizing the sale of

certain assets free and clear of liens, claims, interests and encumbrances.

### STATUS OF THE CASE AND JURISDICTION

1.     On March 15, 2012 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are R & M Aviation, Inc. (1506); R&J Aviation, Inc. (2260); and AMTS Aircraft
Holdings, LLC (6066).  All Debtors maintain an address at 43W526 US Highway 30, Sugar Grove, IL
60554.

2.      The Debtors are continuing in possession of their respective properties and are continuing to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      No request has been made for the appointment of a trustee or examiner.  On March 28, 2012, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5.      AeroCare is a nationally recognized, accredited and award-winning provider of worldwide air ambulance and medevac services and commercial flight nurse escorts.  The company offers 24 hour emergency and non-emergency services, and it specializes in transporting patients to and from hospitals, rehabilitation centers, specialized care facilities and private residences.  Since its founding 18 years ago, AeroCare has flown more than 10,000 patients in need of medical transportation, both throughout the United States and internationally.

6.      In addition, AeroCare is the exclusive provider of time-critical organ procurement services to transplant centers within the states of Illinois, Wisconsin and Arizona.  These services include both ground and air components and play an important role to the general public by assisting in the procurement of vital organs needed for life.  Without AeroCare's services, organ banks and transplant centers would be left without a provider of life-saving organs to the patients who need them.

7.      Before the Petition Date, First National Bank of Omaha, successor by merger with Castle Bank, N.A. ("Castle Bank") repossessed three aircraft serving as collateral under the

Debtors' various loan documents (collectively, with all associated books, logs, engines, propellers, and attachments, the "Aircraft").  The Aircraft are comprised of the following:  (i) a Lear 35, serial number 155, registration number N70AX; (ii) a Lear 55, serial number 092, registration number N890AC; and (iii) a Beechcraft King Air C90, serial number LJ-1414, registration number N895AC.  The Aircraft do not include any aircraft financed by Fifth Third Bank.

8.      Since the Petition Date, the Debtors have taken a number of steps to address various financial and operational issues and filed these chapter 11 cases to provide breathing room from creditors and complete their planned financial restructuring efforts.

9.      As part of these restructuring efforts, the Debtors retained Sage-Popovich, Inc. ("Sage-Popovich"), which has extensive aircraft sale experience, as their aircraft broker in these cases to sell the Aircraft.  The Court approved Sage-Popovich's retention in an order dated December 18, 2012 [Docket No. 349].

10.      In addition to selling the Aircraft, the Debtors also have negotiated and filed a consensual stand-alone plan of reorganization [Docket No. 372] (the "Plan") with the support of the Debtors' major creditor constituents, including the Committee and Castle Bank.  The Debtors filed the Plan after a lengthy and robust marketing process failed to yield any acceptable offers for the business as a going concern, making any meaningful recovery for general unsecured creditors in this case highly unlikely.  Instead, the Plan provides for a significant and immediate recovery for unsecured creditors, which the Debtors believe represents a very good and much improved outcome for the Debtors' creditors, employees and communities in which the Debtors serve.

11.     This positive outcome for creditors is possible through the sale of the Aircraft.

The Plan provides for distribution of the Aircraft sale proceeds on the Plan's effective date.

## REQUIRED MARKETING

12.     As set forth in Sage-Popovich's engagement agreement, the Aircraft will be

extensively marketed before the ultimate sale to be approved by this Court.  Among other things,

Sage-Popovich has agreed to provide the following services:

- before the Auction, place advertisements regarding the Aircraft and the Auction in targeted publications, including the Wall Street Journal, Airfax, Trade-a-Plane and Controller, and through various internet sites and advertising services, including Global Aviation Hub, Aircraft Sales World, Leader Aviation and Aviation Broadcast;

- prepare and email materials regarding the Aircraft and the Auction, in a form approved by the Debtors, to Sage-Popovich's database of approximately 142,500 potentially interested buyers;

- directly contact the known worldwide operators of Air Medical businesses with information regarding the Aircraft and the Auction;

- ensure that information regarding the Aircraft and the Auction is made available to potentially interested parties;

- make the Aircraft available for inspection by interested parties during regular business hours until the sale;

- solicit pre-Auction bids for the Aircraft for a potential stalking horse agreement; and

- render such other brokerage services as is customary for similar engagements.

13.     The Debtors submit that, given that the Aircraft are not needed for the Debtors'

current or reorganized operations and have not attracted sufficient interest through past efforts to

market the entire business as a going concern, a sale of the Aircraft at this time is in the best

interests of these estates and their creditors.

14.     By this Motion, the Debtors seek to implement procedures that will enable them to conduct an auction for all types of bids for the Aircraft.  The Debtors believe that a process that optimizes the flexibility of the Auction for the Aircraft serves to maximize the value of those assets.

### PROPOSED BIDDING PROCEDURES

15.     The Debtors propose the following Bidding Procedures as being best designed to maximize the value of the Aircraft:

a.     **Assets to be Sold**.  The Debtors are offering the Aircraft for sale.  The Debtors shall retain title to assets that are not subject to a Successful Bid (defined below) and approved for sale at the Sale Hearing.

b.     **As Is, Where Is.**  The sale of the Aircraft shall be on an "AS IS, WHERE IS, WITH ALL FAULTS" basis without representations or warranties of any kind or nature.  The Aircraft shall be sold free and clear of any liens, claims, interests and encumbrances pursuant to Bankruptcy Code Section 363, with all liens, claims, interests and encumbrances to attach to the proceeds of the sale.

c.     **Qualifying Bid.**  The Debtors require, as a precondition to participation in the Auction (defined below):

(i)     the submission of a bid for one or more of the Aircraft no later than 5:00 p.m. (Central time) at least three (3) business days prior to the Auction (each in Debtors' sole discretion, a "Qualifying Bid");

(ii)     that the Qualifying Bid specifically identify the Aircraft to be purchased and the portion of the total bid price to be allocated to each Aircraft;

(iii)     that each Qualifying Bid be submitted in writing to Sage-Popovich, Inc., c/o Nick Popovich, P.O. Box One, Valparaiso, Indiana,  46384, via hand delivery, regular U.S. or overnight mail, facsimile (219-464-0920) or electronic mail (Nick@sage-popovich.com). Sage-Popovich shall immediately distribute copies of all Qualifying Bids to (1) counsel for the Debtors, c/o Nicholas M. Miller, Neal, Gerber & Eisenberg LLP, Two North LaSalle Street, Suite 1700, Chicago, IL   60602, via facsimile (312-980-0789) or electronic mail (nmiller@ngelaw.com); (2) counsel for Castle Bank, c/o Kenneth D. Peters, Dressler & Peters, LLC, 111 West Washington Street, Suite 1900, Chicago, IL   60602 via facsimile (312-637-9378), or electronic mail (kpeters@dresslerpeters.com); and (3) counsel for the Official Committee of Unsecured Creditors, c/o Patrick M. Jones, Greensfelder Hemker & Gale P.C., 200 West Madison Street, Suite 2700, Chicago, IL  60606 via facsimile (312-419-1930) or electronic mail (pmj@greensfelder.com);

(iv)    that each Qualifying Bid shall be accompanied by written evidence of a commitment for financing or other evidence of the party's ability to consummate the transaction and payment of the purchase price in cash at the closing sale of the Aircraft (the "<u>Closing</u>"); and

(v)    that each Qualifying Bid shall be irrevocable until the earlier of (a) the Closing, or (b) the withdrawal of the Aircraft for sale by the Debtors.

d.    **Auction.**    If the Debtors receive a Qualifying Bid, the Debtors shall conduct an auction (the "<u>Auction</u>") at the Sage-Popovich hangar located at 5301 W. Industrial Hwy, Gary, IN 46406, on the date that is one (1) business day prior to the Sale Hearing.  The Debtors shall notify all Qualified Bidders of the Auction.  The Debtors may adopt rules for the Auction that, in their business judgment, will promote the goals of the bidding process and that are not inconsistent with the Bidding Procedures, the Bankruptcy Code or any order of this Court.  Following the Auction, the Debtors shall review all bids and, in consultation with the Committee and Castle Bank, identify the highest and best bid(s) as the "Successful Bid(s)."  The holder of a Successful Bid(s) (the "<u>Successful Bidder</u>") shall provide Sage-Popovich with an earnest money deposit by wire transfer, certified or cashier's check in the amount of $15,000 to be held in escrow until the closing or other disposition of the Successful Bid(s).  The Debtors shall present the Successful Bid(s) to the Court at the Sale Hearing.

e.    **Deposits.**    In the event that the Successful Bidder defaults in the performance of its obligation to purchase the Aircraft pursuant to the Successful Bid, that person's earnest money deposit shall be forfeited and shall be immediately transferred to the Debtors.  Notwithstanding the foregoing, such forfeiture shall not be in full satisfaction of any damages caused to any person by the default as described herein.

f.    **Auction with Reserve**.  If the price offered for one or more of the Aircraft by a Qualified Bidder or at the Auction (if one is conducted) is too low in the opinion of the Debtors, after consulting with the Committee and Castle Bank, then the Debtors will retain the Aircraft, and no sale will take place.

## <u>NOTICE PROCEDURES</u>

16.    The Debtors propose to serve a notice, in the form attached hereto as Exhibit 2 of the Bidding Procedures Order (the "<u>Sale Notice</u>"), within three (3) business days following entry of an order approving the Bidding Procedures, of:

- the Order approving the Bidding Procedures,

- the Bidding Procedures,

- the time and place of the Auction,

- the deadline of March 9, 2013, for filing objections to the proposed sale,

- the Sale Hearing of March 12, 2013.

17.    The Sale Notice shall be served upon:  (a) the U.S. Trustee; (b) counsel to Castle

Bank; (c) counsel to the Committee; (d) the Internal Revenue Service; (e) all parties known to

have expressed an interest in buying the Aircraft; (f) all parties asserting a lien in the Aircraft;

(g) all other parties entitled to, or requesting, notice in this case; and (h) all parties listed in the

Debtors' creditor mailing matrix.

## REQUEST TO SET SALE HEARING

18.    The Debtors intend to present the Successful Bid for approval by the Court on

March 12, 2013 (*i.e.*, one (1) business day after the Auction) (the "Sale Hearing").

19.    The Debtors intend to seek entry of the Sale Order (attached hereto as Exhibit B)

at the Sale Hearing.

## LEGAL AUTHORITY

**Debtors' Business Judgment:**

20.    This Court's power to authorize a sale under 11 U.S.C. § 363(b) of the

Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case by case approach.

*In re Baldwin United Corp.*, 43 B.R. 905 (Bankr. S.D. Ohio 1984).  The key consideration is this

Court's finding that a good business reason exists for the sale.  *In re Schipper*, 933 F.2d 513

(7th Cir. 1991); *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *In re Lionel

Corporation*, 722 F.2d 1063, 1070-71 (2d Cir. 1983).

21.    The Debtors believe that the sale of the Aircraft to the Successful Bidder,

pursuant to Section 363(b) of the Bankruptcy Code, is the best and most viable option available

to the Debtors' estate to maximize the value of the Aircraft.

22.    The Debtors have no current or future use for the Aircraft, and the sale of the

Aircraft is integral to the Plan.  Accordingly, the Debtors have determined, in their reasonable

business judgment, that a sale of the Aircraft at this time is warranted and necessary.  Both

Castle Bank and the Committee support the sale of the Aircraft as outlined herein.

**Bidding Procedures:**

23.    To maximize the probability that the Debtors obtain the greatest return for the

Aircraft, the Debtors request approval of the Bidding Procedures.  The procedures allow for a

transparent, flexible process to achieve the highest return.  The Debtors reserve the right to

modify the Bidding Procedures if necessary, in their business judgment, to maximize value at the

Auction.  Maximization of proceeds received by these estates is the dominant goal of the Sale, as

it should be.  *See, e.g., Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.*

*(In re Integrated Res., Inc.)*, 147 B.R. 650, 659 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49

(2d Cir. 1993) (debtor's duty with respect to sales it to obtain highest price or greatest overall

benefit for estate).

24.    In furtherance of maximizing the value received by the estate, bankruptcy courts

typically find that use of bid procedures is appropriate.  The Debtors submit that, here, the

Bidding Procedures establish an appropriate process to identify, select and solicit bids and

determine which bid is the highest or best bid.

**Sale Free and Clear:**

25.    Section 363(f) permits a sale of assets free and clear of liens, claims, interests and

encumbrances.  A sale free and clear is necessary to effectuate the transaction proposed here.

Obviously, if the sale were subject to liens, claims, interests and encumbrances, the purchase

price would be substantially lower (Castle Bank has filed a secured claim for $5.4 million and

holds liens on the Aircraft).

26.    Accordingly, the Sale Order provides that liens, claims, interests and

encumbrances shall attach to the sale proceeds in the same validity and priority that they had

prior to the sale.  In light of this factor, the Debtors submit that a sale free and clear of liens, claims, interests and encumbrances is appropriate here.

## NOTICE

27.      The Debtors have served this motion upon (a) the U.S. Trustee; (b) counsel to Castle Bank; (c) counsel to the Committee; (d) the Internal Revenue Service; (e) any other parties that have requested notice; and (f) all parties listed in the Debtors' creditor mailing matrix.

WHEREFORE, for the foregoing reasons, the Debtors pray for the entry of orders:

A.       granting this motion;

B.       entering the Bidding Procedures Order, which approves the Bidding Procedures and the Sale Notice and schedules the Sale Hearing;

C.       entering the Sale Order, which authorizes the sale of the Aircraft to the Successful Bidder at the Auction, free and clear of liens, claims, interests and encumbrances; and

D.       awarding such other relief as the Court deems just and proper.

Dated: Chicago, Illinois
        January 22, 2013

Respectfully submitted,

  */s/ Nicholas M. Miller*
NEAL, GERBER & EISENBERG LLP
Mark A. Berkoff (ARDC #6194787)
Nicholas M. Miller (ARDC #6295723)
Kevin G. Schneider (ARDC #6302942)
Two North LaSalle Street, Suite 1700
Chicago, IL  60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

*Attorneys for Debtors and
Debtors in Possession*