UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>R & M AVIATION, INC., et al.,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 12-10343 (PSH)<br><br>Jointly Administered |

ORDER APPROVING AND AUTHORIZING
SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL
LIENS, INTERESTS, CLAIMS, INTERESTS AND ENCUMBRANCES

This cause coming to be heard on the motion dated January 22, 2013 (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors"), pursuant to Bankruptcy Code Sections 105 and 363 and Fed. R. Bankr. P. 2002 and 6004 for entry of (i) an order, substantially in the form attached to the Motion (a) establishing bid procedures for the sale of certain assets; (b) setting a final sale hearing date; and (c) approving the form of notices thereof; and (ii) an order, substantially in the form attached to the Motion authorizing the sale of certain assets free and clear of liens, claims, interests and encumbrances; the Bidding Procedures Order having been entered by the Court on January 29, 2013; it appearing that due and appropriate notice of the Motion,[2] the Bidding Procedures Order, the Bidding Procedures, the Auction, the Sale Hearing, and the Sale has been provided; it appearing that no further notice of the relief granted by this Order need be given; the hearing to consider entry of this Order having been held on March 12, 2013; all parties in interest having been heard, or having had the opportunity to be heard, regarding entry of this Order and approval of the Sale; and this Court being fully advised

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are R & M Aviation, Inc. (1506); R&J Aviation, Inc. (2260); and AMTS Aircraft Holdings, LLC (6066). All Debtors maintain an address at 43W526 US Highway 30, Sugar Grove, IL 60554.

[2] Any capitalized term not defined herein shall have the meaning ascribed to it in the Motion.

NGEDOCS: 2065602.3

in the premises and based upon the testimony and evidence presented to it, hereby makes the following Findings of Fact and Conclusions of Law.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§1408 and 1409.

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. §158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Fed. R. Civ. P. as made applicable by Rule 7054 of the Fed. R. Bankr. P., this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C. This proceeding is a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2)(A), (N) and (O).

D. The statutory predicates for the Motion are Sections 105 and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002 and 6004.

E. The Aircraft consist of the following.

- a Gates Learjet 35A, serial number 155, registration number N70AX, Honeywell TFE731-2-2B engines serial numbers 74500 and 74497 (the "Lear 35");

- a Gates Learjet 55 serial number 92, registration number N890AC, Honeywell TFE731-3AR-2B engines serial numbers P85301 and P85291 (the "Lear 55"); and

- a Beechcraft King Air C90A serial number LJ-1414 registration number N895AC, Pratt & Whitney PT6A-21 engines serial numbers PCE-25470 and PCE-25434, Hartzell 4HFR34C768-B propellers serial numbers 950815 and 950819 (the "King Air C90").

F. The Successful Bidders for the Aircraft are as follows:

- For the Lear 35: James E. and Denise Walker ("Walker")
- For the Lear 55: Unisource Holding Inc. ("Unisource")
- For the King Air C90: Unisource

G. The Aircraft are property of the Debtors' estates and title thereto is vested in the Debtors' estates.

H. As evidenced by the certificates of service filed with the Court, and based upon the representations of counsel at the Sale Hearing, (i) proper, timely and adequate notice of the Motion, the Sale Hearing, the Sale, the Auction and the Bidding Procedures as approved herein has been provided in accordance with Bankruptcy Rules 2002, 6004, and 9014; (ii) such notice was good, sufficient and appropriate under the circumstances; and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, the Auction, or the Bid Deadline as provided herein is necessary or shall be required.

I. A reasonable opportunity to object or be heard with respect to the Motion and the Sale has been afforded to all interested persons and entities, including without limitation: (i) the U.S. Trustee; (ii) counsel to Castle Bank; (iii) counsel to the Committee; (iv) the Internal Revenue Service; (v) all parties known to have expressed an interest in buying the Aircraft; (vi) all parties asserting a lien in the Aircraft; and (vii) all other parties entitled to, or requesting, notice in this case.

J. At the Auction, the bids of the Successful Bidders were deemed the highest and best offers for the Aircraft. The Auction was conducted in accordance with the Bidding Procedures Order.

K. The Successful Bidders are purchasing the Aircraft in good faith and are good faith purchasers within the meaning of Bankruptcy Code Section 363(m), and are therefore entitled to the protection of that provision.

L.	The Successful Bidders are not an "insider" of any of the Debtors as that term is defined in Bankruptcy Code Section 101(31).

M.	The consideration provided by the Successful Bidders for the Aircraft (i) is fair and reasonable, (ii) is the highest and best offers for the Aircraft, (iii) will provide a greater recovery for the Debtors' stakeholders than would be provided by any other practical available alternative, (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act and all other applicable laws.

N.	The Successful Bidders are not purchasing all of the Debtors' assets. The Successful Bidders are purchasing only the Aircraft.

O.	The Debtors have full authority and power to execute and deliver a bill of sale in substantially the form attached hereto as Exhibit A to the Successful Bidders and to consummate the Sale. No other consents or approvals are necessary or required for the Debtors to consummate the Sale.

P.	With respect to any and all persons or entities asserting any Claim, Interest or Lien on, with respect to or in connection with the Aircraft, (i) applicable non-bankruptcy law permits sale of such property free and clear of such Claim, Interest or Lien; (ii) such person or entity has consented to the sale and transfer, license, and assignment as applicable, free and clear of its Lien, with such Lien to attach to the proceeds of such sale and transfer, license, and assignment, as applicable; (iii) such Lien is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (iv) such Lien is in bona fide dispute; and/or (v) such person or entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such Claim, Interest or Lien; so that the conditions of Section 363(f) of the Bankruptcy Code have been satisfied. Those holders of a Claim, Interest

or Lien who did not object or who withdrew their objections to the Motion are deemed to have consented to the Motion pursuant to Section 363(f)(2) of the Bankruptcy Code. Those holders of a Claim, Interest or Lien who did object fall within one or more of the subsections of Section 363(f) of the Bankruptcy Code.

Q. The Successful Bidders would not consummate the Sale, thus adversely affecting the Debtors, the Debtors' estates and the Debtors' creditors, if the Aircraft were not free and clear of all Claims, Interests or Liens, or if the Successful Bidders would, or in the future could, be liable for any of the Claims, Interests or Liens.

R. The provisions of Bankruptcy Code Section 363(f) have been satisfied. All holders of Claims, Interests and Liens who did not object, or withdrew their objections to the Sale, are deemed to have consented to the Sale.

S. The Sale is commercially reasonable in all respects.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:**

1. The relief requested in the Motion is granted and approved in all respects. The Sale of the Aircraft is hereby approved in all respects.

2. The Debtors are authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale (including, without limitation, to convey to the Successful Bidders any and all of the Aircraft) and the Closing in accordance with the Motion and this Order; and (b) perform, consummate, implement and close fully the Sale of the Aircraft.

3. Those holders of Claims, Interests or Liens who did not object, or who withdrew their objections to entry of this Order, the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, and the Sale are deemed to have consented pursuant to Section 363(f)(2) of the

Bankruptcy Code. Those holders of Claims, Interests or Liens who did object, if any, fall within one or more of the other subsections of Section 363(f) of the Bankruptcy Code and are adequately protected by having their Claims, Interests or Liens, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they assert a Claim, Interest or Lien.

Sale and Transfer of the Aircraft

4.  Upon the Closing, the Aircraft transferred, sold and delivered to the Successful Bidders shall be free and clear of all Claims, Interests or Liens of any person or entity that encumber or relate to or purport to encumber or relate to the Aircraft. The transfer of the Aircraft to the Successful Bidders constitutes a legal, valid and effective transfer of the Aircraft and shall vest the Successful Bidders with all right, title and interest of the Debtors in and to the Aircraft.

5.  Upon Closing of the Sale, this Order shall be construed as, and shall constitute for any and all purposes, a full and complete general assignment, conveyance and transfer of all of the Aircraft or a bill of sale transferring good and marketable title in such Aircraft to the Successful Bidders.

6.  All entities holding Liens of any kind and nature be and hereby are barred from asserting such Liens against the Successful Bidders and/or the Aircraft and, effective upon the transfer of the Aircraft to the Successful Bidders at the Closing, the Liens shall attach to the proceeds of the Sale with the same force, validity, priority and effect, if any, as the Liens formerly and against the Aircraft.

7.  This Order: (a) is and shall be effective as a determination that, upon Closing, all Liens existing as to the Aircraft conveyed to the Successful Bidders have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated, and (b) shall

be binding upon and govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Aircraft conveyed to the Successful Bidders. All Liens of record as of the date of this Order shall be forthwith removed and stricken as against the Aircraft. All entities are authorized and specifically directed to strike all such recorded Liens against the Aircraft from their records, official and otherwise.

8. If any person or entity which has filed financing statements, mortgages, mechanics liens, *lis pendens* or other documents or agreements evidencing Liens on the Aircraft shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Liens which the person or entity has or may assert with respect to the Aircraft, the Debtors and the Successful Bidders are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Aircraft. Upon Closing of the Sale, each of the Debtors' creditors is authorized and directed to execute such documents and take all such actions as may be necessary to release their respective Liens against the Aircraft.

9. Upon consummation of the Sale, the Successful Bidders shall not be deemed to be (a) a successor to the Debtors, (b) a de facto merger of Successful Bidders and the Debtors, (c) a

mere continuation of the Debtors, (d) liable for any acts or omissions of the Debtors in the conduct of their business. The Successful Bidders shall have no liability for or responsibility for any obligations of the Debtors arising under or related to the Aircraft. Without limiting the generality of the foregoing, the Successful Bidders shall not be liable for any claims against the Debtors or any of their predecessors or affiliates, and the Successful Bidders shall have no successor vicarious liability with respect to the Debtors or any obligations of the Debtors arising prior to the Closing Date, including, but not limited to, (y) any products liability or similar claims or (z) any claims for returns or warranties relating to conduct of the Debtors' business by the Debtors prior to the Closing. Under no circumstances shall the Successful Bidders be deemed a successor of or to the Debtors for any Claim, Interest or Lien against the Debtors.

10. The Court specifically finds and orders that the Successful Bidders shall purchase the Aircraft on an "AS IS, WHERE IS, WITH ALL FAULTS" basis and without any representations and warranties of any kind or nature.

Additional Provisions

11. Each and every federal, state and governmental agency or department and any other person or entity is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale.

12. All entities which are currently, or as of the Closing of the Sale may be, in possession of one or more of the Aircraft, are hereby directed to surrender possession of the Aircraft to the Successful Bidders upon the Closing of the Sale.

13. To the extent permitted by Section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Aircraft sold, transferred or conveyed to the Successful Bidders on account of the filing or pendency of these cases or the consummation of the Sale.

14. At Closing, the Successful Bidders will pay the following Purchase Prices for each of their respective Aircraft (less any deposits already paid):

- For the Lear 35: $260,000
- For the Lear 55: $410,000
- For the King Air C90: $805,000

15. The proceeds of the Sale shall be paid to the Debtors, who will hold such proceeds in escrow to be distributed in accordance with their plan of reorganization (Docket No. 408) upon its effective date or as otherwise ordered by the Court.

16. The consideration provided by the Successful Bidders for the Aircraft is hereby deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act and all other applicable laws. The Sale may not be avoided under Section 363(n) of the Bankruptcy Code.

17. Nothing contained in any order of any type or kind entered in this Chapter 11 case or any related proceeding subsequent to entry of this Order, nor in any Chapter 11 plan confirmed in this case, shall conflict with or derogate from the terms of this Order. Further, the provisions of this Order and any actions taken pursuant hereto shall survive the entry of an order which may be entered confirming any plan of reorganization or liquidation for the Debtors or the conversion of the Debtors' case from Chapter 11 to a case under Chapter 7 of the Bankruptcy Code.

18. The Successful Bidders are purchasing the Aircraft in good faith and is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision.

19. This Court retains jurisdiction, even after the closing or conversion of the Chapter 11 cases, to: (a) interpret, implement and enforce the terms and provisions of this Order

(including the injunctive relief provided in this Order); (b) protect the Successful Bidders, or any of the Aircraft, from and against any of the Liens; (c) compel delivery of all Aircraft to the Successful Bidders; (d) resolve any disputes arising under or related to the Sale, the Successful Bidders' peaceful use and enjoyment of the Aircraft; (e) adjudicate all issues concerning (alleged) pre-Closing Liens and any other (alleged) interest(s) in and to the Aircraft, including the extent, validity, enforceability, priority and nature of all such (alleged) pre-Closing Claims, Interests or Liens and any other (alleged) interest(s); and (f) adjudicate any and all issues and/or disputes relating to the Debtors' right, title or interest in the Aircraft and the proceeds thereof and/or the Motion.

20. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.

21. This Order shall be binding in all respects upon all creditors (whether known or unknown) of any Debtors, all equity interest holders, all parties in interest, all successors and assigns of the Successful Bidders, the Debtors and their affiliates and subsidiaries, the Aircraft, and any subsequent trustees appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code and shall not be subject to rejection.

22. This Court shall retain jurisdiction to, inter alia, interpret and enforce the terms and provisions of this Order and to adjudicate, if necessary, any and all disputes concerning any right, title, (alleged) property interest, including ownership claims, relating to the Aircraft and the proceeds thereof, as well as the extent, validity and priority of all Liens relating to the Aircraft.

23. This Order shall be effective immediately and enforceable upon its entry. The stays imposed by Fed. R. Bankr. P. 6004 are hereby waived.

MAR 1 2 2013

_____
United States Bankruptcy Judge

## EXHIBIT A

**[Form Bill of Sale]**

LIMITED WARRANTY BILL OF SALE

KNOW ALL PERSONS BY THESE PRESENTS:

THAT _____ ("Seller") is the lawful owner of and has the right and authority to sell, grant, convey, transfer, bargain, deliver and set over to _____ ("Buyer"), and unto its successors and permitted assigns forever, all of Seller's right, title and interest in and to (i) one _____ Model No. _____ aircraft bearing manufacturer's serial no. _____ and U.S. registration no. N_____ ("the "Airframe"), together with two _____ Model _____ engines bearing manufacturer's serial nos. _____ and _____ (the "Engines") (INSERT PROPELLER INFORMATION AS APPLICABLE) and any and all related and installed avionics, equipment, parts, accessories, and (ii) all logs, records, and other materials in respect of the Airframe and the Engines, whether complete or incomplete (the "Records", the foregoing collectively together with the Airframe and the Engines, the "Aircraft").

THAT for and in consideration of the sum of $1.00 and other valuable consideration, Seller does, this ___ day of _____, 2011, hereby sell, grant, convey, transfer, bargain, deliver and set over to Buyer, and its successors and permitted assigns, title to the Aircraft, free and clear of all security interests, international interests, liens and encumbrances recorded with the Federal Aviation Administration of the United States of America covering the Aircraft and the International Registry pursuant to the Cape Town Convention and any other security interests, international interests, liens and encumbrances whatsoever arising through acts of Seller.

THE AIRCRAFT SOLD HEREUNDER IS SOLD TO BUYER "AS IS, WHERE IS", WITH ALL FAULTS AND, EXCEPT AS TO THE LIMITED WARRANTY OF TITLE SET FORTH ABOVE, IS WITHOUT ANY REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, OF ANY KIND OR NATURE WHATSOEVER, AND IS WITHOUT RECOURSE TO SELLER.

WITHOUT LIMITING THE GENERALITY OF THE ABOVE, BUYER UNCONDITIONALLY AGREES THAT THE AIRCRAFT IS SOLD AND PURCHASED IN AN "AS IS, WHERE IS" CONDITION AS AT THE DELIVERY DATE FOR THE AIRCRAFT, AND NO TERM, CONDITION, WARRANTY, REPRESENTATION OR COVENANT OF ANY KIND HAS BEEN ACCEPTED, MADE OR IS GIVEN BY SELLER OR ITS SERVANTS OR AGENTS IN RESPECT OF THE AIRWORTHINESS, VALUE, QUALITY, DURABILITY, DATE PROCESSING, CONDITION, DESIGN, OPERATION, DESCRIPTION, MERCHANTABILITY OR FITNESS FOR USE OR PURPOSE OF THE AIRCRAFT OR ANY PART THEROF, AS TO THE ABSENCE OF LATENT, INHERENT OR OTHER DEFECTS (WHETHER OR NOT DISCOVERABLE), AS TO THE COMPLETENESS OR CONDITION OF THE AIRCRAFT DOCUMENTS RELATING TO SUCH AIRCRAFT, AND/OR AS TO THE ABSENCE OF ANY INFRINGEMENT OF ANY PATENT, COPYRIGHT, DESIGN, OR OTHER PROPRIETARY RIGHTS. ALL TERMS, CONDITIONS, WARRANTIES AND REPRESENTATIONS (OR OBLIGATION OR

LIABILITY, IN CONTRACT OR IN TORT) IN RELATION TO ANY ONE OR MORE OF THOSE MATTERS, EXPRESSED OR IMPLIED, STATUTORY OR OTHERWISE, ARE EXPRESSLY EXCLUDED.

THIS LIMITED WARRANTY BILL OF SALE SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF _____.

IN WITNESS WHEREOF, SELLER has caused this instrument to be executed in its name this _____ day of _____, 2013.

_____

By:

Name:

Title:

Acknowledged and Agreed:

BUYER:

By:

Name:

Title: