**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>R & M AVIATION, INC., _et al._,[1]<br><br>                      Debtors. | Chapter 11<br>Case No. 12-10343 (PSH)<br>Jointly Administered<br><br>Honorable Pamela S. Hollis<br><br>Hearing Date: May 28, 2013 at 10:00 a.m. |

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Neal, Gerber & Eisenberg LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | March 15, 2012 |
| Period for which compensation and reimbursement is sought: | March 15, 2012 through March 27, 2013 |
| Interim amount of fees sought as actual, reasonable and necessary | $394,766.00 |
| Interim amount of expenses sought as actual, reasonable and necessary | $12,305.46 |
| Total amount of fees sought as actual, reasonable and necessary | $1,083,740.10 |
| Total amount of expenses sought as actual, reasonable and necessary | $20,952.61 |

This is a(n): _____ interim   ☑ final application

If this is not the first application filed, disclose the following for each prior application:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 8/14/12 | 3/15/12-6/30/12 | $312,402.00 | $5,420.83 | $309,442.60 | $5,180.59 |
| 11/14/12 | 7/1/12-9/30/12 | $208,673.00 | $2,035.36 | $208,673.00 | $2,035.36 |
| 2/14/13 | 10/1/12-12/31/12 | $170,858.50 | $1,431.20 | $170,858.50 | $1,431.20 |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is: <u>$918,570.01 (excluding $56,692.88 unapplied retainer).</u>

Date: <u>May 6, 2013</u>          By: <u>/s/ Nicholas M. Miller</u>
                                   Applicant, for Neal, Gerber & Eisenberg LLP

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  R & M Aviation, Inc. (1506); R&J Aviation, Inc. (2260); and AMTS Aircraft Holdings, LLC (6066).  All Debtors maintain an address at 43W526 US Highway 30, Sugar Grove, IL  60554.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 12-10343 (PSH) |
| R & M AVIATION, INC., et al., | Jointly Administered |
| Debtors. | Honorable Pamela S. Hollis |

**SUMMARY SHEET**

**Fees Previously Requested: $691,933.50**
**Fees Previously Paid: $688,974.10**

**Expenses Previously Requested: $8,887.39**
**Expenses Previously Paid: $8,647.15**

NAME OF APPLICANT:
Neal, Gerber & Eisenberg LLP
ROLE IN THE CASE:
Counsel to the Debtors and Debtor-in-Possession
CURRENT INTERIM APPLICATION
  Fees Requested: $394,766.00
  Expenses Requested: $12,305.46

| NAMES OF PROFESSIONALS/ PARAPROFESSIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| PARTNERS | | | | |
| Mark A. Berkoff | 1987 | 81.20 | $730.00 | $59,276.00 |
| John A. Biek | 1994 | 0.30 | $700.00 | $210.00 |
| Jill B. Berkeley | 1975 | 2.90 | $655.00 | $1,899.50 |
| Bruce A. Fox | 1981 | 10.00 | $595.00 | $5,950.00 |
| Thomas C. Wolford | 1986 | 72.90 | $590.00 | $43,011.00 |
| Angela C. Elbert | 1996 | 2.60 | $585.00 | $1,521.00 |
| Peter H. Barrow | 1978 | 63.50 | $575.00 | $36,512.50 |
| Chad W. Moeller | 1997 | 2.50 | $525.00 | $1,312.50 |
| Jason C. Kim | 1999 | 0.30 | $515.00 | $154.50 |
| Nicholas M. Miller | 1998 | 347.00 | $475.00 | $164,825.00 |
| ASSOCIATE | | | | |
| Kevin G. Schneider | 2010 | 133.20 | $325.00 | $43,290.00 |
| PARAPROFESSIONALS | | | | |
| Tara M. Anderson | | 5.50 | $275.00 | $1,512.50 |
| Karen M. McElligatt | | 0.90 | $275.00 | $247.50 |
| Mirjana Mirkovic | | 150.40 | $230.00 | $34,592.00 |
| Diana J. Koppang | | 0.40 | $190.00 | $76.00 |
| Charles H. Frey | | 1.60 | $170.00 | $272.00 |
| Carolyn B. Hersch | | 0.80 | $130.00 | $104.00 |
| TOTAL | | **876.00** | | **$394,766.00** |

TOTAL BLENDED HOURLY RATE: $465.55
(Including Paraprofessionals and written off time)

NGEDOCS: 2076055.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>R & M AVIATION, INC., <u>et al.</u>,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 12-10343 (PSH)<br>Jointly Administered<br><br>Honorable Pamela S. Hollis<br><br>Hearing Date:  May 28, 2013 at 10:00 a.m. |

**FOURTH INTERIM AND FINAL FEE APPLICATION OF NEAL, GERBER &**
**EISENBERG LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO**
**THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD FROM**
**MARCH 15, 2012 THROUGH AND INCLUDING MARCH 27, 2013**

Neal, Gerber & Eisenberg LLP, an Illinois limited liability partnership ("**NGE**" or

the "**Applicant**"), counsel to the above-captioned reorganized debtors (collectively,

the "**Debtors**"),[2] pursuant to Sections 330 and 331 of the United States Bankruptcy Code and

Rule 5082-1 of the Bankruptcy Rules for the United States District Court and the United States

Bankruptcy Court For the Northern District of Illinois (the "**Local Rules**"), submits this Fourth

Interim and Final Fee Application (the "**Application**") for (i) allowance and payment on an

interim basis of compensation totaling $394,766.00[3] for professional services rendered and

$12,305.46 for expenses incurred for the interim period from January 1, 2013 through March 27,

---

[1]　　　　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  R & M Aviation, Inc. (1506); R&J Aviation, Inc. (2260); and AMTS Aircraft Holdings, LLC (6066).  All Debtors maintain an address at 43W526 US Highway 30, Sugar Grove, IL 60554.

[2]　　　　AMTS Aircraft Holdings, LLC was dissolved on the effective date of the confirmed plan in this case and, therefore, is not a reorganized Debtor.

[3]　　　　This amount is requested by NGE after NGE voluntarily reduced its request for reimbursement of fees and expenses during the Interim Application Period by **$13,057.00**.  In total, since the Petition Date, NGE has voluntarily reduced its request for reimbursement of fees and expenses by **$30,363.43**.

2013 (the "**Interim Application Period**"); and (ii) allowance and payment on a final basis of compensation totaling $1,083,740.10 for professional services rendered and $20,952.61 for expenses incurred for the final period from March 15, 2012 through March 27, 2013 (the "**Final Application Period**").  In support of the foregoing requests, Applicant states as follows:

## I.  COMMENCEMENT OF CASE; JURISDICTION

1. On March 15, 2012 (the "**Petition Date**"), Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**").

2. This Court has jurisdiction over the Application under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

3. The statutory bases for the relief requested herein are Sections 105(a), 330 and 331 of the Bankruptcy Code.

## II.  NGE'S RETENTION; THE ADMINISTRATIVE ORDER; PRIOR FEE REQUESTS

4. On April 17, 2012, this Court entered that certain Order Authorizing the Employment and Retention of Neal, Gerber & Eisenberg LLP as Attorneys for the Debtors and Debtors in Possession Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), Retroactive to the Petition Date [Docket No. 83] (the "**Retention Order**").  The Retention Order states that NGE may not apply any prepetition retainer until further court order.[4]

5. On April 17, 2012, this Court entered that certain Administrative Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses of

---

[4]     NGE currently holds an unapplied prepetition retainer of $56,692.88 (the "**Retainer**").

Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 [Docket No. 82] (the "**Administrative Order**").

6.      Pursuant to the Administrative Order, NGE and other professionals retained in this case are authorized to file and serve upon the Debtors and parties identified in the Administrative Order (the "**Notice Parties**") fee applications every month (a "**Monthly Fee Statement**").   Upon expiration of a 20-day objection period specified in the Administrative Order, the Debtors are authorized to pay the professionals an amount equal to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses that are not the subject of an objection.   Thereafter, at three month intervals, or at such other intervals as the Court may otherwise direct, each professional must file with the Court and serve a quarterly fee application (a "**Quarterly Fee Application**") for Court approval and allowance of all amounts requested during that interim fee period.

**Fee Statements During the Interim Application Period**

7.      On February 14, 2013, NGE filed the Third Interim Fee Application of Neal, Gerber & Eisenberg LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses incurred as Counsel to the Debtors and Debtors-in-Possession for the period from October 1, 2012 through and including December 31, 2012, seeking reimbursement of fees in the amount of $170,858.50 and reimbursement of expenses in the amount of $1,431.20.

8.      On February 15, 2013, NGE served its January Monthly Statement of Neal, Gerber & Eisenberg LLP as Counsel to the Debtors and Debtors-in-Possession for the Period from January 1, 2013 through January 31, 2013, seeking reimbursement of fees in the amount of

$183,093.50[5] and reimbursement of expenses in the amount of $2,061.53. NGE received no objection to this monthly request. Accordingly, the Debtors paid NGE 80% of the fees requested and 100% of the expenses requested as provided in the Administrative Order. A copy of the January Monthly is attached hereto and made part hereof as Exhibit "A".

9.      On March 7, 2013, this Court entered the Order Allowing Interim Compensation Pursuant to the Third Interim Fee Application of Neal, Gerber & Eisenberg LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors-in-Possession for the Period from October 1, 2012 Through and Including December 31, 2012 [Docket No. 495], allowing fees in the amount of $170,858.50 and expenses in the amount of $1,431.20.

10.     On March 22, 2013, NGE served its February Monthly Statement of Neal, Gerber & Eisenberg LLP as Counsel to the Debtors and Debtors-in-Possession for the Period from February 1, 2013 through February 28, 2013, seeking reimbursement of fees in the amount of $82,538.50 and reimbursement of expenses in the amount of $6,381.63. NGE received no objection to this monthly request. A copy of the February Monthly is attached hereto and made part hereof as Exhibit "B".

11.     On April 9, 2013, NGE served its March Monthly Statement of Neal, Gerber & Eisenberg LLP as Counsel to the Debtors and Debtors-in-Possession for the Period from March 1, 2013 through March 27, 2013, seeking reimbursement of fees in the amount of $129,134.00[6] and reimbursement of expenses in the amount of $3,862.30. NGE received no

---

[5]      NGE voluntarily reduced its request for reimbursement of fees and expenses by $10,724.50.

[6]      NGE voluntarily reduced its request for reimbursement of fees and expenses by $2,332.50.

objection to this monthly request.  A copy of the March Monthly is attached hereto and made part hereof as Exhibit "C".

12.     This is NGE's fourth interim and final fee request.  As previously stated, NGE seeks approval and entry of an order for (i) allowance and payment on an interim basis of compensation totaling $394,766.00 for professional services rendered and $12,305.46 for expenses incurred during the Interim Application Period; and (ii) allowance and payment on a final basis of compensation totaling $1,083,740.10 for professional services rendered and $20,952.61 for expenses incurred during the Final Application Period.

## III.    NOTICE

13.     In accordance with the Administrative Order, NGE has served this Application upon (collectively, the "**Notice Parties**"): (i) the Debtors; (ii) counsel to the lenders, Dressler Peters, LLC; (iii) counsel to the Official Committee of Unsecured Creditors (the "Committee"), Greensfelder, Hemker & Gale, P.C.;[7] and (iv) the Office of the U.S. Trustee, Attn: M. Gretchen Silver.  Also, in accordance with the Administrative Order, the Application was served electronically upon those entities having requested notices in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  NGE submits that such notice is appropriate and proper.

## IV.    CASE STATUS

14.     NGE has worked closely and cooperatively with all creditor constituents to achieve a successful resolution of the Debtors' chapter 11 cases — a result that seemed exceedingly unlikely at the outset.

---

[7]     The Committee was dissolved on the effective date of the plan confirmed in this case.

15.     On March 15, 2012, the Debtors filed free fall chapter 11 petitions.  At that time, the Debtors did not have the support of their senior secured lender, did not have any first-day papers necessary for a soft landing into chapter 11 and did not have approval to use the Bank's cash collateral.

16.     After the filing, NGE immediately worked with the Debtors and their other advisors to:  (i) stabilize operations; (ii) obtain the continued broad support of the Debtors' vendors, employees and customers; (iii) cut expenses; (iv) obtain financing and insurance; and (v) meet and outperform numerous budgets negotiated with the Debtors' senior secured lender.

17.     During that time, NGE also worked with the Debtors and their professionals to implement an overall restructuring strategy.  Among other things, NGE:  (i) worked with the Debtors and their key creditor constituents to select and retain an investment banker; and (ii) worked with the Debtors and their professionals to commence a marketing process that resulted in approximately 150 contacted parties, approximately 50 parties that executed a non-disclosure agreement to conduct diligence and 5 parties that submitted expressions of interest.

18.     Unfortunately, these marketing efforts did not result in an asset purchase agreement or binding term sheet that the Debtors or the Debtors' major creditor constituents believed to be in the best interests of the estate.  Undeterred, with NGE's guidance, the Debtors changed strategy and engaged in discussions with Castle Bank and the Committee regarding the broad terms of a potential stand-alone plan of reorganization that would result in meaningful recoveries for all creditors.  As part of this new strategy, the Debtors retained Sage-Popovich, Inc. ("**Sage-Popovich**"), which has extensive aircraft sale experience, as their aircraft broker in these cases to sell certain aircraft that the debtors would not need as part of their future operations (the "**Aircraft**").  The Court approved Sage-Popovich's retention in an order dated

December 18, 2012 [Docket No. 349], and scheduled a hearing on the sale of the Aircraft on March 12, 2013 in an order entered on January 29, 2013 [Docket No. 397].

19.     An auction on March 11, 2013 resulted in two successful bidders for the three Aircraft, with sale proceeds totaling nearly $1,500,000.  On March 12, 2013, the Court entered an order approving and authorizing the sale of the Aircraft [Docket No. 508].

20.     In addition to preparing to sell the Aircraft, the Debtors also negotiated and filed the consensual stand-alone Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 406] (the "**Plan**") with the support of the Committee, Castle Bank and the Debtors' aircraft lender, Fifth Third Bank.  The Plan provided for a significant and immediate recovery for unsecured creditors, which the Debtors believed would represent a very good and much improved outcome for the Debtors' creditors, employees and communities in which the Debtors serve.  On January 30, 2013, this Court entered an order: (a) scheduling a hearing on March 12, 2013 to consider approval of the Disclosure Statement and confirmation of the Plan; (b) setting other related deadlines; and (c) approving related procedures, notice to creditors and a form of Ballot.

21.     As shown on the Amended Ballot Report filed on March 11, 2013 [Docket No. 504], the Debtors' Plan was accepted overwhelmingly by creditors entitled to vote on the Plan.  Accordingly, on March 12, 2013, the Court entered the Order Approving Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code and Confirming Debtors' Plan of Reorganization  (the "**Confirmation Order**") [Docket No. 509].  Since entry of the Confirmation Order, the Debtors have made all required distributions to creditors, in amounts that have exceeded the projections contained in the Debtors' disclosure statements.

22.     In connection with the anticipated Plan confirmation, NGE also assisted the Debtors in: (i) working with their financial advisors to prepare the Debtors for post-confirmation operations; (ii) identifying and pursuing approximately $300,000 of tax refunds that otherwise would have remained unclaimed and that formed an integral basis for plan confirmation; (iii) dealing with various matters related to potential litigation by and against the Debtors; and (iv) filing numerous claims objections in anticipation of plan confirmation.

23.     Beyond, that, NGE continued to work with the Debtors and their professionals to seamlessly address the various matters associated with any chapter 11 case, including efforts to: (i) provide legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their businesses; (ii) take all necessary action on behalf of the Debtors to protect and preserve the Debtors' estates; (iii) prepare on behalf of the Debtors all necessary motions, answers, orders, reports and other legal papers in connection with the administration of the Debtors' estates; (iv) attend meetings and negotiate with representatives of creditors and other parties in interest; (v) attend court hearings, and advise the Debtors on the conduct of their chapter 11 cases; (vi) perform any and all other legal services for the Debtors in connection with these chapter 11 cases; (vii) advise and assist the Debtors regarding all aspects of the plan confirmation process; (viii) provide legal advice and perform legal services with respect to matters relating to corporate governance; (ix) provide legal advice and legal services with respect to litigation, tax (state and federal income tax and local tax assessment matters) and other general non-bankruptcy legal issues for the Debtors to the extent requested by the Debtors; and (x) render such other services as may be in the best interests of the Debtors in connection with any of the foregoing and all other necessary or appropriate legal services in connection with these chapter 11 cases, as agreed upon by NGE and the Debtors.

24.    To the best of NGE's knowledge, the Debtors have paid to the United States Trustee's office all quarterly fees due and owing.

## V.    NATURE OF LEGAL SERVICES PERFORMED BY NGE

25.    NGE has served as counsel to the Debtors at all times during this case and NGE attorneys have devoted substantial time to numerous legal matters. All services and costs for which compensation is requested by NGE in this Application were reasonable and necessary and were performed for and on behalf of the Debtors, and not for or on behalf of any other person.

26.    All of the professional services that NGE rendered to the Debtors during the Interim Application Period are set forth in detail in Exhibit "A" through Exhibit "C" segregated according to project billing categories pursuant to Local Rule 5082-1, as described below.  In addition, detailed time descriptions for work performed before the Interim Application Period can be found in NGE's previous three interim fee applications.[8]  Since the Petition Date and through and including the third interim fee application, NGE has requested fees and expenses totaling $700,820.89, all of which (except for $3,199.64) the Court has already approved and allowed on an interim basis.

---

[8]    First Interim Fee Application for of Neal, Gerber & Eisenberg LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors-in-Possession for the Period from March 15, 2012 Through and Including June 30, 2012 filed August 14, 2012 [Docket No. 215]; Second Interim Fee Application for of Neal, Gerber & Eisenberg LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors-in-Possession for the Period from July 1, 2012 Through and Including September 30, 2012 filed November 14, 2012 [Docket No. 308]; and Third Interim Fee Application for of Neal, Gerber & Eisenberg LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors-in-Possession for the Period from October 1, 2012 Through and Including December 31, 2012 filed February 14, 2013 [Docket No. 439].

### A.  Asset Analysis and Recovery – 0002:
(Total Hours: 0.40, Total Fees: $190.00)

27.     During this Interim Application Period, NGE attorneys addressed issues regarding

potential sources of recoveries on behalf of the estate.

28.     In connection with the foregoing, NGE attorneys expended 0.40 hours for which

NGE seeks compensation of $190.00.  An itemized breakdown of the services rendered to the

Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.

In total, since the Petition Date, NGE expended 27.00 hours with a value of $10,914.00.

| Name | Hours | Value |
|------|-------|-------|
| Nicholas M. Miller | 0.40 | $190.00 |
| **Total** | **0.40** | **$190.00** |

### B.  Asset Disposition (Asset Sales) – 0003:
(Total Hours: 54.00, Total Fees: $23,461.00)

29.     During this Interim Application Period, NGE attorneys assisted the Debtors in a

number of matters, including:  (a) transitioned aircraft marketing efforts and, with the significant

input and involvement of both Castle Bank and the Committee, filed a sale and bid procedures

motion; (b) reviewed bid packages and negotiated offers to purchase the Aircraft; (c) conferred

with Sage-Popovich regarding qualifying bids and aircraft inspections; (d) coordinated, prepared

for and attended  sale auction and sale hearing; (e) evaluated and addressed Colt International's

objection to the proposed sale of the Aircraft; and (f) drafted and finalized various sale

documents, including but not limited to, the bill of sale and certain FAA transfer forms.  In

addition, NGE attorneys resolved issues regarding required International Registry waivers for

Insured Aircraft Title.

30.     In connection with the foregoing, NGE attorneys expended 54.00 hours for which

NGE seeks compensation of $23,461.00.  An itemized breakdown of the services rendered to the

Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.

In total, since the Petition Date, NGE expended 278.10 hours with a value of $132,479.50.

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 1.30 | $949.00 |
| Nicholas M. Miller | 38.90 | $18,477.50 |
| Kevin G. Schneider | 9.50 | $3,087.50 |
| Mirjana Mirkovic | 3.60 | $828.00 |
| Charles Frey | 0.70 | $119.00 |
| **Total** | **54.00** | **$23,461.00** |

C.  **Business Operations – 0005**:  (Total Hours: 18.00; Total Fees: $9,903.00)

31.     During this Interim Application Period, NGE attorneys (a) conferred with the

Debtors regarding various post-confirmation cash flow and projection issues; (b) reviewed,

analyzed, drafted, and responded to issues relating to, hospital contracts and provider

agreements; (c) participated in multiple status calls and meetings regarding operations and the

Debtors' anticipated emergence from bankruptcy; and (d) assisted the Debtors with respect to

Arizona counsel's completion of corporation commission filings.

32.     In connection with the foregoing, NGE attorneys expended 18.00 hours for which

NGE seeks compensation of $9,903.00.  An itemized breakdown of the services rendered to the

Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.

In total, since the Petition Date, NGE expended 46.00 hours with a value of $22,229.00.

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 0.60 | $438.00 |
| Bruce Fox | 10.00 | $5,950.00 |
| Nicholas M. Miller | 7.40 | $3,515.00 |
| **Total** | **18.00** | **$9,903.00** |

**D.  Case Administration – 0006**: (Total Hours: 28.70; Total Fees: $13,099.00)

33.     During this Interim Application Period, NGE professionals reviewed correspondence, financial data and all pleadings filed in these cases; coordinated the filing of all of the Debtors' pleadings; responded to general creditor inquiries; and conferred with the U.S. Trustee regarding the status of the case and various court filings.   NGE attorneys also corresponded and conferred with counsel to Castle Bank, the creditors committee, the Debtors and their financial advisors regarding, among other things, pleadings and hearings, business operations, creditor issues, strategy and various other aspects of this case related to the ultimate goal of Plan confirmation.

34.     In connection with the foregoing, NGE attorneys expended 28.70 hours for which NGE seeks compensation of $13,099.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below. In total, since the Petition Date, NGE expended 182.60 hours with a value of $79,551.00.

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 3.00 | $2,190.00 |
| Nicholas M. Miller | 20.40 | $9,690.00 |
| Mirjana Mirkovic | 5.30 | $1,219.00 |
| **Total** | **28.70** | **$13,099.00** |

**E.  Claims Administration and Objections – 0007**:
(Total Hours: 91.90, Total Fees: $35,823.00)

35.     During this Interim Application Period, NGE professionals:  (a) reviewed, analyzed, drafted responsive pleadings to and conferred with Angel Jet's counsel regarding the Debtors' claim objection and Angel Jet's motion to vacate the Court's claim disallowance order; (b) reviewed and analyzed the Court's claims register and various proofs of claim and filed numerous claim objections in anticipation of Plan confirmation; (c) researched procedural

precedent regarding corporate guaranty issues in the context of a potential objection to certain secured claims; (d) researched tax code provisions as they applied to the Debtors' objection to the Illinois Department of Revenue ("IDOR") claim; (e) conferred with IDOR regarding its motion to file a late claim and evaluated and resolved related issues; and (f) responded to multiple creditor inquiries regarding the status of various of the approximately 100 claims on the Court's claims register.

36.    In connection with the foregoing, NGE attorneys expended 91.90 hours for which NGE seeks compensation of $35,823.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below. In total, since the Petition Date, NGE expended 184.80 hours with a value of $70,972.00.

| **Name** | **Hours** | **Value** |
|---|---|---|
| Mark A. Berkoff | 5.80 | $4,234.00 |
| Thomas C. Wolford | 1.60 | $944.00 |
| Nicholas M. Miller | 30.40 | $14,440.00 |
| Kevin G. Schneider | 39.60 | $12,870.00 |
| Mirjana Mirkovic | 14.50 | $3,335.00 |
| **Total** | **91.90** | **$35,823.00** |

**F.  Employees Benefits/Pensions – 0009:**
(Total Hours: 16.60, Total Fees: $8,601.00)

37.    During this Interim Application Period, NGE attorneys conferred with the Debtors and their financial advisors regarding various employee issues, including:  departures, employee communication issues, potential tortious interference claims against departed employees engaged in wrongful conduct, employee retention issues, employee confidentiality agreements and other related employee issues.  Additionally, NGE attorneys researched and reviewed various contract provisions regarding non-solicitation of the Debtors' customers.

38.     In connection with the foregoing, NGE attorneys expended 16.60 hours for which NGE seeks compensation of $8,601.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below. In total, since the Petition Date, NGE expended 77.60 hours with a value of $34,850.60.

| **Name** | **Hours** | **Value** |
|---|---|---|
| Thomas C. Wolford | 4.80 | $2,832.00 |
| Chad Moeller | 2.50 | $1,312.50 |
| Jason C. Kim | 0.30 | $154.50 |
| Jill Berkeley | 0.40 | $262.00 |
| Nicholas M. Miller | 8.30 | $3,942.50 |
| Kevin G. Schneider | 0.30 | $97.50 |
| **Total** | **16.60** | **$8,601.00** |

**G.  Executory Contracts/Personalty – 0011:**
(Total Hours: 39.50, Total Fees: $19,577.50)

39.     During this Interim Application Period, NGE attorneys considered and conferred with the Debtors regarding the potential assumption of certain leases and executory contracts in anticipation of Plan confirmation and post-emergence operations; drafted and presented multiple motions to assume certain leases and executory contracts; addressed various issues regarding intercompany leases; and negotiated key contract terms with Donor Network of Arizona and Banner Good Samaritan Regional Medical Center.

40.     In connection with the foregoing, NGE attorneys expended 39.50 hours for which NGE seeks compensation of $19,577.50.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below. In total, since the Petition Date, NGE expended 110.60 hours with a value of $55,460.50.

| **Name** | **Hours** | **Value** |
|---|---|---|
| Mark A. Berkoff | 0.30 | $219.00 |
| Thomas C. Wolford | 22.00 | $12,980.00 |
| Nicholas M. Miller | 9.50 | $4,512.50 |
| Kevin G. Schneider | 1.00 | $325.00 |

| | | |
|---|---|---|
| Mirjana Mirkovic | 6.70 | $1,541.00 |
| **Total** | **39.50** | **$19,577.50** |

### H. Fee/Employment Applications – 0012:
(Total Hours: 50.80, Total Fees: $14,732.00)

41.     During this Interim Application Period, NGE attorneys performed a number of tasks related to the payment of the Debtors' retained professionals, including:   (a) drafting NGE's monthly fee statements and third interim fee application; (b) reviewing and providing comments to multiple monthly fee statements and interim fee applications filed by the Debtors' financial advisors and Committee's counsel; (c) responding to inquiries from the various professionals and coordinating with Rally regarding the timing and status of payment; (d) addressing various issues related to ordinary course professionals; and (e) responding to fee issues raised by the U.S. Trustee, including redrafting invoices and filing amended monthly fee statements where appropriate to conform to applicable U.S. Trustee operating guidelines and preferendes.

42.     In connection with the foregoing, NGE attorneys expended 50.80 hours for which NGE seeks compensation of $14,732.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below. In total, since the Petition Date, NGE expended 200.20 hours with a value of $69,087.00.

| Name | Hours | Value |
|---|---|---|
| Mark A. Berkoff | 0.90 | $657.00 |
| Nicholas M. Miller | 10.10 | $4,797.50 |
| Kevin G. Schneider | 1.30 | $422.50 |
| Mirjana Mirkovic | 38.50 | $8,855.00 |
| **Total** | **50.80** | **$14,732.00** |

### I. Financing – 0014:  (Total Hours: 94.80, Total Fees: $48,795.50)

43.     During this Interim Application Period, NGE attorneys took a number of steps to ensure the Debtors had continued access to working capital, including:  (a) working with Rally to

create proposed budgets for the relevant time periods; (b) discussing with Castle Bank and the Committee applicable budget line items to ensure all anticipated cash outlays will be met; (c) drafting and circulating proposed cash collateral orders to major creditor constituents; (d) attending hearings related to cash collateral; (e) addressing issues and finalizing terms regarding Firth Third adequate protection payment, lien issues and loan documents; and (f) negotiating, reviewing, commenting on and finalizing Castle Bank financing documents.

44.     In connection with the foregoing, NGE attorneys expended 94.80 hours for which NGE seeks interim compensation of $48,795.50.   An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."   A general breakdown is shown below.   In total, since the Petition Date, NGE expended 181.10 hours with a value of $93,640.50.

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 2.10 | $1,533.00 |
| Peter Barrow | 54.50 | $31,337.50 |
| Nicholas M. Miller | 26.80 | $12,730.00 |
| Kevin G. Schneider | 3.00 | $975.00 |
| Tara Anderson | 5.50 | $1,512.50 |
| Karen McElligatt | 0.90 | $247.50 |
| Mirjana Mirkovic | 2.00 | $460.00 |
| **Total** | **94.80** | **$48,795.50** |

**J.  Insurance – 0015**:  (Total Hours: 20.20, Total Fees: $10,028.00)

45.     During this Interim Application Period, NGE attorneys analyzed and exchanged correspondence regarding insurance notices and policies to ensure continued insurance coverage for estate property, as required by U.S. Trustee Operating Guidelines. Moreover, NGE professionals addressed issues regarding D&O insurance coverage and policies and drafted and filed a motion for approval of a premium finance agreement for workers' compensation insurance.

46.    In connection with the foregoing, NGE attorneys expended 20.20 hours for which NGE seeks interim compensation of $10,028.00.    An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, NGE expended 45.90 hours with a value of $19,980.00.

| Name | Hours | Value |
|------|-------|-------|
| Thomas C. Wolford | 3.60 | $2,124.00 |
| Angela Elbert | 2.60 | $1,521.00 |
| Jill Berkeley | 2.50 | $1,637.50 |
| Nicholas M. Miller | 7.10 | $3,372.50 |
| Kevin G. Schneider | 3.80 | $1,235.00 |
| Mirjana Mirkovic | 0.60 | $138.00 |
| **Total** | **20.20** | **$10,028.00** |

### K.  Leases (Real Property) – 0017:
(Total Hours: 39.50, Total Fees: $22,238.00)

47.    During this Interim Application Period, NGE attorneys reviewed and analyzed various leases to be assumed; reviewed, analyzed, revised and negotiated terms of its lease associated with the Aurora property; conferred with the Debtors and negotiated with Arizona and Illinois landlords regarding consents for an extension of time to assume or reject certain real property leases; and researched extension issues and drafted and filed an extension motion with the Court to coordinate lease assumption issues associated with anticipated plan confirmation.

48.    In connection with the foregoing, NGE attorneys expended 39.50 hours for which NGE seeks interim compensation of $22,238.00.    An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, NGE expended 66.70 hours with a value of $35,950.00.

| Name | Hours | Value |
|------|-------|-------|
| Thomas C. Wolford | 33.80 | $19,942.00 |
| Nicholas M. Miller | 3.40 | $1,615.00 |
| Kevin G. Schneider | 1.60 | $520.00 |
| Mirjana Mirkovic | 0.70 | $161.00 |
| **Total** | **39.50** | **$22,238.00** |

**L.  Litigation (General) (Court) – 0018**:
(Total Hours: 102.00, Total Fees: $47,808.50)

49.    During this Interim Application Period, NGE attorneys performed a number of litigation-related services, including:  (a) reviewing and responding to, where appropriate, filed pleadings and entered orders; (b) addressing issues related to pending state-court litigation; (c) evaluating, researching, negotiating and drafting documents to numerous issues related to the Angel Jet Arizona state-court litigation, the related adversary proceeding and various motions filed in the main bankruptcy proceeding; (d) working with the Debtors and their financial advisors to formulate the best strategy with respect to achieving a global resolution of all Angel Jet issues; and (e) preparing for and attending over a dozen Court hearings during the Interim Application Period

50.    In connection with the foregoing, NGE attorneys expended 102.00 hours for which NGE seeks interim compensation of $47,808.50.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, NGE expended 227.20 hours with a value of $110,400.50.

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 17.80 | $12,994.00 |
| Thomas C. Wolford | 3.30 | $1,947.00 |
| Nicholas M. Miller | 53.70 | $25,507.50 |
| Kevin G. Schneider | 13.20 | $4,290.00 |
| Mirjana Mirkovic | 11.90 | $2,737.00 |

| | | |
|---|---|---|
| Charles Frey | 0.90 | $153.00 |
| Carolyn Hersch | 0.80 | $104.00 |
| Diana Koppang | 0.40 | $76.00 |
| **Total** | **102.00** | **$47,808.50** |

**M.  Relief from Stay Proceedings – 0026**:
(Total Hours: 6.50, Total Fees: $3,122.50)

51.     During this Interim Application Period, NGE attorneys corresponded with various creditors regarding stay violations.  Additionally, NGE addressed and resolved Ally Financial's relief from stay motion.

52.     In connection with the foregoing, NGE attorneys expended 6.50 hours for which NGE seeks interim compensation of $3,122.50.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."   A general breakdown is shown below.  In total, since the Petition Date, NGE expended 85.80 hours with a value of $44,533.80.

| **Name** | **Hours** | **Value** |
|---|---|---|
| Thomas C. Wolford | 2.00 | $1,180.00 |
| Nicholas M. Miller | 3.20 | $1,520.00 |
| Kevin G. Schneider | 1.30 | $422.50 |
| **Total** | **6.50** | **$3,122.50** |

**N.  Plan and Disclosure Statement – 0027**:
(Total Hours: 290.10, Total Fees: $127,909.00)

53.     During this Interim Application Period, NGE attorneys finalized confirmation of the Plan and approval of the disclosure statement; worked diligently with the Debtors, Castle Bank, Fifth Third Bank, the Committee and Rally to garner support for the structure of the Plan; reviewed and evaluated a related liquidation analysis and cash flow projections prepared by Rally; drafted and filed a memorandum in support of the Plan; coordinated, prepared and conducted plan solicitation; oversaw ballot tabulation and prepared and filed a related report; and prepared a protective/placeholder motion to extend exclusivity.  The work in this area during the

Interim Application Period led to the Plan that was confirmed on March 12, 2013, which has allowed the Debtors to emerge from bankruptcy with a right-sized balance sheet and vastly improved operations.

54.      In connection with the foregoing, NGE attorneys expended 290.10 hours for which NGE seeks interim compensation of $127,909.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, NGE expended 425.50 hours with a value of $187,041.00.

| Name | Hours | Value |
|---|---|---|
| Mark A. Berkoff | 49.40 | $36,062.00 |
| Peter Barrow | 9.00 | $5,175.00 |
| Nicholas M. Miller | 115.00 | $54,625.00 |
| Kevin G. Schneider | 54.80 | $17,810.00 |
| Mirjana Mirkovic | 61.90 | $14,237.00 |
| **Total** | **290.10** | **$127,909.00** |

**O.  Reports and Schedules – 0028**:
(Total Hours: 11.50, Total Fees: $3,936.00)

55.      During this Interim Application Period, NGE professionals conferred with the Debtors' financial advisors regarding operating reports and quarterly fee statements.  In addition, NGE attorneys prepared and filed the Debtors' amended schedules of assets and liabilities.

56.      In connection with the foregoing, NGE attorneys expended 11.50 hours for which NGE seeks interim compensation of $3,936.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, NGE expended 73.80 hours with a value of $25,183.00.

| Name | Hours | Value |
|---|---|---|
| Nicholas M. Miller | 4.30 | $2,042.50 |
| Kevin G. Schneider | 2.50 | $812.50 |

| | | |
|---|---|---|
| Mirjana Mirkovic | 4.70 | $1,081.00 |
| **Total** | **11.50** | **$3,936.00** |

**P. Secured Claims – 0029**:
(Total Hours: 1.30, Total Fees: $617.50)

57.     During this Interim Application Period, NGE attorneys reviewed and analyzed Fifth Third Bank's loan and swap agreement documents.

58.     In connection with the foregoing, NGE attorneys expended 1.30 hours for which NGE seeks interim compensation of $617.50.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, NGE expended 81.50 hours with a value of $44,698.50.

| **Name** | **Hours** | **Value** |
|---|---|---|
| Nicholas M. Miller | 1.30 | $617.50 |
| **Total** | **1.30** | **$617.50** |

**Q. Tax Matters – 0031**:
(Total Hours: 8.80, Total Fees: $4,379.50)

59.     During this Interim Application Period, NGE attorneys (a) conferred with the Debtors and their financial advisor to address issues regarding approximately $300,000 in tax refund proceeds; (b) conferred with and responded to the IDOR regarding the Debtors' tax protest; and (c) researched and analyzed various tax code provisions with regard to potential tax payments associated with plan confirmation.

60.     In connection with the foregoing, NGE attorneys expended 8.80 hours for which NGE seeks interim compensation of $4,379.50.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, NGE expended 48.50 hours with a value of $25,301.70.

| **Name** | **Hours** | **Value** |
|---|---|---|
| Thomas C. Wolford | 1.80 | $1,062.00 |

| | | |
|---|---|---|
| John Biek | 0.30 | $210.00 |
| Nicholas M. Miller | 6.20 | $2,945.00 |
| Kevin G. Schneider | 0.50 | $162.50 |
| **Total** | **8.80** | **$4,379.50** |

**R.  U.S. Trustee Matters – 0032**:
(Total Hours: 0.60, Total Fees: $285.00)

61.     During this Interim Application Period, NGE attorneys reviewed the Debtors' statement of U.S. Trustee quarterly fees and conferred with the U.S. Trustee regarding fees to be paid on effective date.

62.     In connection with the foregoing, NGE attorneys expended 0.60 hours for which NGE seeks interim compensation of $285.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, NGE expended 16.00 hours with a value of $7,385.00.

| **Name** | **Hours** | **Value** |
|---|---|---|
| Nicholas M. Miller | 0.60 | $285.00 |
| **Total** | **0.60** | **$285.00** |

**S.  Vendor Matters – 0034**:
(Total Hours: 0.80, Total Fees: $260.00)

63.     During this Interim Application Period, NGE attorneys conferred with certain vendors regarding case status.

64.     In connection with the foregoing, NGE attorneys expended 0.80 hours for which NGE seeks interim compensation of $260.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, NGE expended 23.70 hours with a value of $9,781.00.

| **Name** | **Hours** | **Value** |
|---|---|---|
| Nicholas M. Miller | 0.80 | $260.00 |
| **Total** | **0.80** | **$260.00** |

**T.  Statement of Expenses:** (NGE Total Expenses: $12,305.46)

65.     NGE has also incurred or accrued expenses of $12,305.46 for, among other things, reproduction of documents, filing fees, Lexis Research, postage and hearing transcripts.

66.     An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  Overall, NGE expended the sum of $20,952.61 for reasonable and necessary expenses in connection with its representation of the Debtors.

### EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---:|
| Conference Call Charge | $14.88 |
| Lexis Research | $747.56 |
| Westlaw Research | $571.54 |
| Other Legal Research | $450.00 |
| Postage | $2,231.42 |
| Reproduction of Documents [9] | $7,660.93 |
| Federal Express | $11.51 |
| Messenger Services | $115.28 |
| Travel Expenses | $72.74 |
| Filing Fees | $175.00 |
| Transcript | $254.60 |
| **Total** | **$12,305.46** |

**VI.     APPLICABLE LEGAL STANDARDS AND CRITERIA**

67.     Section 330 of the Bankruptcy Code provides, in relevant part:

(a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103—

(A)     reasonable compensation for actual, necessary services rendered by . . . such person; and

---

[9]     Total amount includes NGE in-house photocopy charges at $0.10 per page and photocopy charges by DTI, an outside copy vendor used for reproduction of the solicitation packages, at $0.06 per page.

(B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

68.     Pursuant to section 330, professionals applying for fees must demonstrate that

their services were actual, necessary and reasonable.   Bankruptcy Rule 2016, in turn, requires

that

> [a]n entity seeking interim or final compensation for services, or
> reimbursement of necessary expenses, from the estate shall file
> with the court an application setting forth a detailed statement of
> (1) the services rendered, time expended and expenses incurred,
> and (2) the amounts requested.
>
> *   *   *
>
> . . . services performed by attorneys representing debtors must
> produce a benefit to the estate in order to be fully compensable
> from the estate.

In re Grabill Corp., 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.) (citations omitted).

In assessing the reasonableness of attorneys' fees under section 330, Judge John H. Squires of the

Bankruptcy Court for the Northern District of Illinois considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the
> questions; (3) the skill required to perform the legal services properly;
> (4) the preclusion of employment by the attorney due to acceptance of the
> case; (5) the customary fee; (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances; (8) the
> amount involved and the result obtained; (9) the experience, reputation
> and ability of the attorneys; (10) the undesirability of the case; (11) the
> nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

In re McNichols, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

69.     Regardless of the significance of certain individual factors in determining the

value of professional services, the Court should primarily focus its attention upon the

reasonableness of the services provided to the estate.  As the United States Court of Appeals for

the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall
> proportion and not become enmeshed in meticulous analysis of
> every detailed facet of the professional representation.  It is easy to
> speculate that the work could have been done in less time or with
> fewer attorneys or with an associate rather than a partner.  On the
> other hand, it is also possible that [the debtor] would not have
> enjoyed the success it did had its counsel managed matters
> differently.

In re Boston and Maine Corporation, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations

omitted).  The Seventh Circuit has recognized that the appropriate measure to determine the

reasonableness of attorneys' fees is the market based approach.  See Steinlauf v. Continental

Illinois Corp. (In the Matter of Continental Illinois Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992)

(stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to

stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length

negotiation . . .").  Similarly, as one Court has reasoned, "the attorney/client relationship [i]s one

in which the terms of the engagement should normally be upheld, including the fee arrangement,

so as not to unduly intrude upon the bargain struck between the parties who have entered into an

important professional relationship."  In re Famisaran, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998)

(Squires, J.).

## VII.   APPLICATION OF RELEVANT CRITERIA AND STANDARDS TO THIS COMPENSATION REQUEST

70.    In applying the criteria set forth above to this request for compensation, the Court

should consider foremost the effort required and expended by NGE, the reasonableness of the

services rendered and the extremely good results achieved.  All of the services performed by

NGE were required for the proper representation of the Debtors in this case were authorized by

the Court and were performed by NGE at the request and direction of the Debtors.  Pursuant to

Section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature,

extent and value of the services performed, all of NGE's services are compensable.

71.      The amount of services rendered by NGE to achieve the results obtained for the

benefit of the estate's creditors was reasonable in light of the volume and complexity of the

issues involved in this case.  NGE attorneys allocated responsibilities among attorneys at NGE to

minimize possible duplication of efforts.  Compensation is sought for participation in one task by

more than one attorney of NGE only in instances where joint participation was necessary

because of the significant impact of a particular hearing or meeting, the complexity of the

problems involved, the magnitude of the work to be performed, and the specialization required or

the need to preserve a continuity of representation.  In similar situations, such representation has

been approved.  <u>See, e.g.</u>, <u>Berberana v. Coler</u>, 753 F.2d 629, 631 (7th Cir. 1985).  For example,

on certain occasions, more than one NGE attorney attended meetings in this case when numerous

matters were to be discussed, it would have been difficult for one attorney to participate in a

meaningful manner in all discussions and/or if Castle Bank's counsel requested that multiple

counsel participate.

72.      The experience and expertise in bankruptcy cases and the quality of the services

brought to this case by NGE further supports the requested compensation.  This law firm has

charged the estate the normal and customary hourly rates for similar services rendered in like

circumstances to other clients.  Furthermore, the rates at which NGE seeks compensation are its

standard hourly rates.  The rates are comparable to the rates charged by other practitioners of

similar experience, competence and standing in the community.

73.     NGE submits that its hourly rates and hours for which compensation is sought are reasonable and appropriate.  The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is eminently fair given the efforts required of NGE in this case, and the risk of non-payment.

## VIII.   STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE

74.     No agreement exists between NGE and any third party for the sharing of compensation received by NGE in this case, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of NGE.

75.     During the Interim Application Period, NGE has devoted 876.00 hours to represent the Debtors with respect to categories (A)-(S) above, and has provided the Debtors with actual and necessary legal services worth a total of $394,766.00 and has incurred expenses totaling $12,305.46.   Overall, since the Petition Date, NGE has devoted 2,394.60 hours to represent the Debtors and has provided the Debtors with actual and necessary legal services worth a total of $1,083,740.10 and has incurred expenses totaling $20,952.61.

76.     A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 5082-1, is attached hereto as Exhibit "A" through Exhibit "C".

77.     A computer generated statement of expenses incurred by NGE is attached hereto as Exhibit "A" through Exhibit "C".

78.     Attached hereto as Exhibit "D" is the Affidavit of Mark A. Berkoff attesting to, among other things, the accuracy of the information set forth in Exhibits "A" through "C" of this Application.

79.     Attached hereto as Exhibit "E," is a biographical sketch (including billing rates) of professionals whose time is reflected in Exhibit "A" through Exhibit "C" of this Application. Exhibit "E" also includes the name (and billing rates) of paralegals whose time is reflected in Exhibit "A" through Exhibit "C".

80.     Attached hereto as Exhibit "F" is a summary of fees by individuals who have provided services to the Debtors during the Final Application Period.

81.     Attached hereto as Exhibit "G" is a summary of the categories of services performed by NGE during the Final Application Period.

**WHEREFORE,** Neal, Gerber & Eisenberg LLP, counsel for the Debtors herein, respectfully requests that this Court enter an Order authorizing and approving:

A.     Interim compensation in the amount of **$394,766.00**, incurred for actual, necessary and valuable professional services rendered to the Debtors from January 1, 2013 through and including March 27, 2013;

B.     Interim reimbursement of expenses totaling **$12,305.46** incurred in connection with NGE's representation of the Debtors from January 1, 2013 through and including March 27, 2013;

C.     Final compensation in the amount of **$1,083,740.10**, incurred for actual, necessary and valuable professional services rendered to the Debtors from March 15, 2012 through and including March 27, 2013;

D.    Final reimbursement of expenses totaling **$20,952.61** incurred in connection with

NGE's representation of the Debtors from March 15, 2012 through and including March 27,

2013;

E.    Authorizing NGE to apply its Retainer towards any fees and expenses awarded by

the Court on a final basis; and

F.    Granting such other and further consistent relief as the Court may deem equitable

and just.

Dated: May 6, 2013                                  Respectfully Submitted,

                                                    **NEAL, GERBER & EISENBERG LLP**

                                                    By:   _/s/ Nicholas M. Miller_
                                                          Mark A. Berkoff (ARDC #06194797)
                                                          Nicholas M. Miller (ARDC #06295723)
                                                          Kevin G. Schneider (ARDC #06302942)
                                                          Two North LaSalle Street
                                                          Suite 1700
                                                          Chicago, IL  60602-3801
                                                          (312) 269-8000

                                                    _Attorneys for Reorganized Debtors_

### CERTIFICATE OF SERVICE

Nicholas M. Miller, an attorney, certifies that on May 6, 2013, he caused the foregoing *Fourth Interim and Final Fee Application of Neal, Gerber & Eisenberg LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors-in-Possession for the Period from March 15, 2012 through and including March 27, 2013* (the "**Application**") to be filed electronically.  Notice of this filing was sent by operation of the Court's electronic filing system to the following parties:

| | |
|---|---|
| Barry M Barash<br>barashb@barashlaw.com, courtmail@barashlaw.com | Mark A Berkoff<br>mberkoff@ngelaw.com, cdennis@ngelaw.com |
| Teresa M Dickinson<br>tdickinson@statmanharris.com | Dennis A Dressler<br>ddressler@dresslerpeters.com |
| Marc Ira Fenton<br>mfenton@statmanharris.com | Leo M Flanagan Jr<br>leo@attyflanagan.com, mkappler@attyflanagan.com |
| David J. Frankel<br>dfrankel@sormanfrankel.com | Patrick M. Jones<br>pmj@greensfelder.com, je@greensfelder.com |
| Patrick S Layng<br>USTPRegion11.ES.ECF@usdoj.gov | Edward S. Margolis<br>emargolis@tellerlevit.com |
| Nicholas M Miller<br>nmiller@ngelaw.com | Kenneth D Peters<br>kpeters@dresslerpeters.com,<br>rmccandless@dresslerpeters.com |
| James M Philbrick<br>jmphilbrick@att.net | Louis J. Phillips<br>lphillips@pfs-law.com, msiedlecki@pfs-law.com |
| Kevin G Schneider<br>kschneider@ngelaw.com | Michael Traison<br>traison@millercanfield.com,<br>wysocki@millercanfield.com,swansonm@millercanfield.com |
| Bradley J Waller<br>bwaller@ksbwl.com, vmaurer@ksbwl.com | David A Wargula<br> dwargula@dresslerpeters.com,<br>rmccandless@dresslerpeters.com |
| Thomas C. Wolford<br>twolford@ngelaw.com | Bruce E de'Medici<br>bdemedici@gmail.com |
| Faith Dolgin<br>faith.dolgin@illinois.gov | Patrick Keeley<br>pkeeley@pkalaw.com |
| Peter Roberts<br>proberts@shawfishman.com | |

Additionally, the parties listed below were served via U.S. Mail delivery:

| | |
|---|---|
| M. Gretchen Silver<br>Office of the United States Trustee<br>219 S. Dearborn, Room 873<br>Chicago, IL  60604 | R & M Aviation, Inc. d/b/a AeroCare<br>   Medical Transport System, Inc.<br>Attn:  Joseph D. Cece<br>43W526 US Highway 30<br>Sugar Grove, IL  60554 |

Illinois Department of Revenue
Bankruptcy Section – Level 7-425
100 West Randolph
Chicago, IL  60601

Internal Revenue Service
Mail Stop 5110 CHI
230 South Dearborn
Chicago, IL  60604

Dressler Peters, LLC
Attn:  Kenneth D. Peters, Dennis A. Dressler
and David A. Wargula
Counsel for First National Bank of Omaha
Successor by merger to Castle Bank, N.A.
111 West Washington Street, Suite 1900
Chicago, IL  60602

The Receivables Exchange, LLC
935 Gravier Street, 12th Floor
New Orleans, LA  70112

Richard A. Heidecke
Heidecke Law Offices
1550 Spring Road, 3rd Floor
Oak Brook, IL  60523

Barash & Everett, LLC
Attn:  Barry M. Barash
Counsel to Jet Air, Inc.
256 South Soangetaha Road
Galesburg, IL  61401

Statman Harris & Eyrich, LLC
Attn: Marc Fenton and Teresa Dickinson
Counsel for Fifth Third Bank
200 West Madison Street, Suite 3820
Chicago, IL  60606

Greensfelder, Hemker & Gale, P.C.
Attn:  Patrick M. Jones
Counsel for Creditors Committee
200 West Madison Street, Suite 2700
Chicago, IL  60606

Mercedes-Benz Financial Services USA LLC
c/o BK Servicing, LLC
P.O. Box 131265
Roseville, MN  55113-0011

Ascension Capital Group, Inc.
Attn: BMW Financial Services NA, LLC Department
Account: XXXXXXXXXXXX0483
P.O. Box 201347
Arlington, TX  76006

Annie E. Catmull
Josh T. Judd
Hoover Slavacek LLP
5847 San Felipe, Suite 2200
Houston, TX  77057

Louis J. Phillips
Patzik, Frank & Samotny Ltd.
150 South Wacker Drive, Suite 1500
Chicago, IL  60606

Parties may access this filing through the Court's CM/ECF system.

*/s/ Nicholas M. Miller*
Nicholas M. Miller (ARDC No. 06295723)
**NEAL, GERBER & EISENBERG LLP**
Two North LaSalle Street – Suite 1700
Chicago, IL  60602-3801
(312) 269-8000