**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>R & M AVIATION, INC., <u>et al.</u>,[1]<br><br>Debtors. | Chapter 11<br>Case No. 12-10343 (PSH)<br>Jointly Administered<br><br>Honorable Pamela S. Hollis<br><br>Hearing Date:  May 28, 2013 at 10:00 a.m. |

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Rally Capital Services, LLC |
| Authorized to Provide<br>Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | As of March 15, 2012 |
| Period for which compensation and reimbursement<br>is sought: | March 15, 2012 through March 27, 2013 |
| Interim amount of fees sought as<br>actual, reasonable and necessary | $62,050.00 |
| Interim amount of expenses sought as<br>actual, reasonable and necessary | $974.96 |
| Total amount of fees sought as<br>actual, reasonable and necessary | $401,408.33 |
| Total amount of expenses sought as<br>actual, reasonable and necessary | $11,313.41 |

This is a(n):  _____  interim     ☑ final application

If this is not the first application filed, disclose the following for each prior application:

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 8/14/12 | 3/16/12-6/30/12 | $163,600.00 | $3,945.95 | $161,600.00 | $3,945.95 |
| 11/14/12 | 7/1/12-9/30/12 | $101,558.33 | $3,517.79 | $101,558.33 | $3,517.79 |
| 2/14/13 | 10/1/12-12/31/12 | $76,200.00 | $2,874.71 | $76,200.00 | $2,874.71 |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is: <u>$400,311.74.</u>

Date: <u>May 6, 2013</u>          By: <u>/s/ David N. Missner</u>
                              Applicant, for Rally Capital Services, LLC

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  R & M Aviation, Inc. (1506); R&J Aviation, Inc. (2260); and AMTS Aircraft Holdings, LLC (6066).  All Debtors maintain an address at 43W526 US Highway 30, Sugar Grove, IL 60554.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| R & M AVIATION, INC., et al.,[1] | Case No. 12-10343 (PSH) |
| Debtors. | Jointly Administered |

### SUMMARY SHEET

**Fees Previously Requested: $341,358.33**
**Fees Previously Paid: $339,358.33**

**Expenses Previously Requested: $10,338.45**
**Expenses Previously Paid: $10,338.45**

NAME OF APPLICANT:
Rally Capital Services, LLC
ROLE IN THE CASE:
Financial Advisor to the Debtors
CURRENT INTERIM APPLICATION
  Fees Requested: $62,050.00
  Expenses Requested: $974.96

| NAMES OF PROFESSIONALS | TITLE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| David N. Missner | Senior Financial Consultant | 9.30 | $400.00 | $3,720.00 |
| Daniel T. Lee | Senior Financial Consultant & CPA | 49.70 | $250.00 | $12,425.00 |
| Ryan M. Hayes | CPA | 304.70 | $150.00 | $45,905.00 |
| | | **363.70** | | **$62,050.00** |

Total Blended Hourly Rate:  $172.57

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  R & M Aviation, Inc. (1506); R&J Aviation, Inc. (2260); and AMTS Aircraft Holdings, LLC (6066).  All Debtors maintain an address at 43W526 US Highway 30, Sugar Grove, IL 60554.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>R & M AVIATION, INC., <u>et al.</u>,[1]<br><br>*Debtors*. | Chapter 11<br>Case No. 12-10343 (PSH)<br>Jointly Administered<br><br>Honorable Pamela S. Hollis<br><br>Hearing Date:  May 28, 2013 at 10:00 a.m. |

**FOURTH INTERIM AND FINAL FEE APPLICATION OF RALLY CAPITAL
SERVICES, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL
ADVISOR TO R & M AVIATION, INC., ET AL. FOR THE PERIOD FROM
<u>MARCH 15, 2012 THROUGH AND INCLUDING MARCH 27, 2013</u>**

Rally Capital Services, LLC, an Illinois limited liability company ("**Rally**" or the "**Applicant**"), financial advisor to R & M Aviation, Inc., et al. ("**Debtors**"), pursuant to Sections 330 and 331 of the United States Bankruptcy Code and Rule 5082-1 of the Bankruptcy Rules for the United States District Court and the United States Bankruptcy Court For the Northern District of Illinois (the "**Local Rules**"), submits this Fourth Interim and Final Fee Application (the "**Application**") for (i) allowance and payment on an interim basis of compensation totaling $62,050.00[2] for professional services rendered and $974.96 for expenses incurred for the interim period of January 1, 2013 through March 27, 2013 (the "**Interim Application Period**"); and (ii) allowance and payment on a final basis of compensation totaling $401,408.33 for professional services rendered and $11,313.41 for expenses incurred for the final period of March 15, 2012

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  R & M Aviation, Inc. (1506); R&J Aviation, Inc. (2260); and AMTS Aircraft Holdings, LLC (6066).  All Debtors maintain an address at 43W526 US Highway 30, Sugar Grove, IL 60554.

[2]   Due to a discrepancy, Rally has agreed to a reduction of fees in the amount of $725.00.

through March 27, 2013 (the "**Final Application Period**"). In support of the foregoing requests, Applicant states as follows:

I.   **COMMENCEMENT OF CASE; JURISDICTION**

1.   On March 15, 2012 (the "**Petition Date**"), Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**").

2.   This Court has jurisdiction over the Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

3.   The statutory bases for the relief requested herein are Sections 105(a), 330 and 331 of the Bankruptcy Code.

II.   **RALLY'S RETENTION; THE ADMINISTRATIVE ORDER; PRIOR FEE REQUESTS**

4.   On April 17, 2012, this Court entered that certain Order Authorizing the Employment and Retention of Rally Capital Services, LLC as Financial Advisor for the Debtors and Debtors in Possession Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), Retroactive to the Petition Date [Docket No. 84] (the "**Retention Order**").

5.   On April 17, 2012, this Court entered that certain Administrative Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 [Docket No. 82] (the "**Administrative Order**").

6.   Pursuant to the Administrative Order, Rally and other professionals retained in this case are authorized to file and serve upon the Debtors and parties identified in the Administrative Order (the "**Notice Parties**") fee applications every month (a "**Monthly Fee Statement**"). Upon expiration of a 20-day objection period specified in the Administrative

2

Order, the Debtors are authorized to pay the professionals an amount equal to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses that are not the subject of an objection.  Thereafter, at three month intervals, or at such other intervals as the Court may otherwise direct, each professional must file with the Court and serve a quarterly fee application (a "**Quarterly Fee Application**") for Court approval and allowance of all amounts requested during that interim fee period.

## Fee Statements During the Interim Application Period

7.     On February 5, 2013, Rally filed and served its January Monthly Fee Application for Rally Capital Services, LLC for the Period January 1, 2013 through January 31, 2013, seeking reimbursement of fees in the amount of $22,450.00 and reimbursement of expenses in the amount of $339.36.  Rally received no objection to this monthly request.  Accordingly, the Debtors paid Rally 80% of the fees requested and 100% of the expensed requested as provided in the Administrative Order.  A copy of the January Monthly is attached hereto and made part hereof as Exhibit "A".

8.     On February 14, 2013, Rally filed its Third Interim Fee Application of Rally Capital Services LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Debtor R & M Aviation, Inc., et al, for the period from October 1, 2012 through and including December 31, 2012, seeking reimbursement of fees in the amount of $76,200.00 and reimbursement of expenses in the amount of $2,874.71.

9.     On March 7, 2013, Rally filed and served its February Monthly Fee Application for Rally Capital Services, LLC for the Period February 1, 2013 through February 28, 2013, seeking reimbursement of fees in the amount of $14,455.00 and reimbursement of expenses in the amount of $0.00.  Rally received no objection to this monthly request.  Accordingly, the

3

Debtors paid Rally 80% of the fees requested as provided in the Administrative Order.  A copy of the February Monthly is attached hereto and made part hereof as Exhibit "B".

10.     On March 7, 2013, this Court entered the Order Allowing Interim Compensation Pursuant to the Third Interim Fee Application of Rally Capital Services, LLC, and Granting Other Relief, allowing fees in the amount of $76,200.00 and expenses in the amount of $2,874.71.

11.     On April 3, 2013, Rally filed and served its March Monthly Fee Application for Rally Capital Services, LLC for the Period March 1, 2013 through March 27, 2013, seeking reimbursement of fees in the amount of $25,870.00 and reimbursement of expenses in the amount of $635.60.  Rally received no objection to this monthly request.  Accordingly, the Debtors paid Rally 80% of the fees requested and 100% of the expenses requested as provided in the Administrative Order.  A copy of the March Monthly is attached hereto and made part hereof as Exhibit "C".

12.     This is Rally's fourth interim and final fee request.  As previously stated, Rally seeks approval and entry of an order for (i) allowance and payment on an interim basis of compensation totaling $62,050.00 for professional services rendered and $974.96 for expenses incurred for the interim period of January 1, 2013 through March 27, 2013; and (ii) allowance and payment on a final basis of compensation totaling $401,408.33 for professional services rendered and $11,313.41 for expenses incurred for the final period of March 15, 2012 through March 27, 2013.

**III.     NOTICE; CASE STATUS**

13.     In accordance with the Administrative Order, Rally has served this Application upon: (i) the Debtors; (ii) counsel to the lenders, Dressler Peters, LLC; (iii) counsel to the Official Committee of Unsecured Creditors, Greensfelder, Hemker & Gale, P.C.; and (iv) the

4

Office of the U.S. Trustee, Attn: M. Gretchen Silver (collectively, the "**Notice Parties**").  The Application was also served electronically upon those entities having requested notices in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  Rally submits that such notice is appropriate and proper.

14.    The Financial Advisor and the Debtors have worked together since the date of the petition to, among other things: (i) review and analyze the Debtors' current financial and collateral position as it relates to secured financing with Castle Bank; (ii) develop a strategic plan regarding the potential reduction, restructure and refinance of the Debtors' obligations; (iii) facilitate the development and preparation of weekly and/or monthly cash flow budgets and other reporting and analyses; (iv) review and facilitate the development of monthly pro forma cash flow projections/budgets and other reporting and analyses; (v) review current cost structure and margins for each service along with the impact of any potential cost savings; and (vi) assisted the Debtor with counsel in the development and implementation of the plan of reorganization including the preparation of financial projections.

15.    To the best of Rally's knowledge, the Debtors have paid to the United States Trustee's office all quarterly fees due and owing.

IV.    **NATURE OF LEGAL SERVICES PERFORMED BY RALLY**

16.    Rally has served as financial advisor to the Debtor at all times during this case and has devoted substantial time to numerous and complex financial matters. All services and costs for which compensation is requested by Rally in this Application were reasonable and necessary and were performed for and on behalf of the Debtors, and not for or on behalf of any other person.

NGEDOCS: 2074398.1

17.     All of the professional services that Rally rendered to the Debtors during the Interim Application Period are set forth in detail in Exhibits "A" through Exhibit "C" segregated according to project billing categories pursuant to Local Rule 5082-1, as described below.

### A.  **2. – Prepare/Update Bankruptcy Budgets**:
(Total Hours: 107.30, Total Fees: $16,325.00)

18.     During this Interim Application Period, Rally worked extensively updating and reviewing cash budgets, consulted with representatives of Castle Bank concerning reconciliation of bank accounts and cash projections, updated receivable billings and collections, reviewed and analyzed actual disbursements and compared those to budgets, reviewed and updated cash budgets for the cash collateral order and for the lender, reviewed check registers and reconciled them to bank figures, communicated weekly with Castle Bank for cash flows and accounts receivable billing, prepared daily updates to the budget to track cash activity, reviewed disbursements and reconciled to bank accounts, prepared various budgets for cash collateral orders and prepared five-year budget liquidation review for proposed plan of reorganization.

19.     In connection with the foregoing, Rally advisors expended 107.30 hours for which Rally seeks compensation of $16,325.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, Rally advisors expended 547.30 hours with a value of $85,875.00.

| **Name** | **Hours** | **Value** |
|---|---|---|
| Daniel T. Lee | 2.30 | $15,750.00 |
| Ryan M. Hayes | 105.00 | $575.00 |
| **Total** | **107.30** | **16,325.00** |

### B.  3. – Assistance in Preparation of Monthly US Trustee
### Operating Reports:  (Total Hours: 24.90, Total Fees: $3,765.00)

20.     During this Interim Application Period, Rally assembled the data and the information necessary to prepare monthly operating reports for the US Trustee's office, after consulting with counsel to the debtor in possession, and prepared those reports for December 2012 and January and February 2013.

21.     In connection with the foregoing, Rally advisors expended 24.90 hours for which Rally seeks compensation of $3,765.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below. In total, since the Petition Date, Rally advisors expended 163.40 hours with a value of $26,220.00.

| Name | Hours | Value |
|------|-------|-------|
| Daniel T. Lee | 0.30 | $75.00 |
| Ryan M. Hayes | 24.60 | $3,690.00 |
| **Total** | **24.90** | **$3,765.00** |

### C.  6. – Matters Related to Insurance Issues:
(Total Hours: 17.30, Total Fees: $2,625.00)

22.     During this Interim Application Period, Rally reviewed all forms of insurance including, auto insurance, equipment insurance, health insurance policies, and the D&O policy.

23.     In connection with the foregoing, Rally advisors expended 17.30 hours for which Rally seeks compensation of $2,625.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below. In total, since the Petition Date, Rally advisors expended 66.00 hours with a value of $10,300.00.

NGEDOCS: 2074398.1

| Name | Hours | Value |
|------|-------|-------|
| Daniel T. Lee | 0.30 | $75.00 |
| Ryan M. Hayes | 17.00 | $2,550.00 |
| **Total** | **17.30** | **$2,625.00** |

### D.  7. – Communications with Management with Respect to Creditor Issues: (Total Hours: 2.20; Total Fees: $330.00)

24.      During this Interim Application Period, Rally communicated with management and counsel to the debtor in possession regarding various creditor issues.

25.      In connection with the foregoing, Rally advisors expended 2.20 hours for which Rally seeks compensation of $330.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below. In total, since the Petition Date, Rally advisors expended 29.90 hours with a value of $5,285.00.

| Name | Hours | Value |
|------|-------|-------|
| Ryan M. Hayes | 2.20 | $330.00 |
| **Total** | **2.20** | **$330.00** |

### E.  8. – Communications with Creditors: (Total Hours: 6.30, Total Fees: $945.00)

26.      During this Interim Application Period, Rally communicated, both orally and in writing, to representatives of Castle Bank regarding cash collateral issues, outstanding accounts receivable and the general state of the Debtors' finances.  Rally also communicated with various creditors regarding payment issues.

27.      In connection with the foregoing, Rally advisors expended 6.30 hours for which Rally seeks compensation of $945.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below. In total, since the Petition Date, Rally advisors expended 38.30 hours with a value of $7,645.00.

| Name | Hours | Value |
|------|-------|-------|
| Ryan M. Hayes | 6.30 | $945.00 |
| **Total** | **6.30** | **$945.00** |

8

### F. 9. – Evaluation of Financial Matters:
(Total Hours: 54.80, Total Fees: $9,900.00)

28.      During this Interim Application Period, Rally conducted on-site evaluation of financial information and debt schedules, updated budget items, confirmed that collections and billings had been put into the system, reviewed employee expense policies and commission payments (all of which needed to be modified and corrected) and communicated extensively with representatives of Castle Bank to review existing systems, accounts receivable, and test the profitability of the debtor in possession.  Additionally, Rally reviewed and recommended flight costs on various international flights, reviewed the terms of an aircraft lease agreement, and reviewed the Debtors' current cash position in light of the cash collateral budget.  Lastly, Rally attended meetings with representatives of Castle Bank and discussed financial performance and projections going forward and held meetings with management to discuss cost cutting and other operations issues.

29.      In connection with the foregoing, Rally advisors expended 54.80 hours for which Rally seeks compensation of $9,900.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, Rally advisors expended 176.70 hours with a value of $32,825.00.

| Name | Hours | Value |
|------|-------|-------|
| Daniel T. Lee | 16.80 | $4,200.00 |
| Ryan M. Hayes | 38.00 | $5,700.00 |
| **Total** | **54.80** | **$9,900.00** |

### G. 10. – Review and Approve Daily/Weekly Disbursements:
(Total Hours: 11.70, Total Fees: $1,755.00)

30.      During this Interim Application Period, Rally reviewed open accounts payable (unpaid bills) and compared them to the existing budgets, reviewed checks to be paid and reviewed all disbursements with management including invoices and flight margin information

9

for outsourced flights.  Additionally, Rally reviewed unpaid bills and matched payables against

the budget to ensure proper weekly disbursements were being made and verified outstanding

bills for accuracy.  Rally also reviewed unpaid bills and analyzed against budgeted items,

reviewed employee reimbursement requests and approval for payment and reviewed several

purchase order requests.

31.     In connection with the foregoing, Rally advisors expended 11.70 hours for which

Rally seeks compensation of $1,755.00.  An itemized breakdown of the services rendered to the

Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.

In total, since the Petition Date, Rally advisors expended 77.00 hours with a value of $12,370.00.

| Name | Hours | Value |
|------|-------|-------|
| Ryan M. Hayes | 11.70 | $1,755.00 |
| **Total** | **11.70** | **$1,755.00** |

### H.  11. – Review and Analysis of Executory Contracts:
(Total Hours: 0.90, Total Fees: $135.00)

32.     During this Interim Application Period, Rally reviewed the Fifth Third security

agreement and master agreement and consulted with Debtors' counsel with respect to an analysis

of all executory contracts and leases.

33.     In connection with the foregoing, Rally advisors expended 0.90 hours for which

Rally seeks interim compensation of $135.00.  An itemized breakdown of the services rendered

to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown

below.  In total, since the Petition Date, Rally advisors expended 11.10 hours with a value of

$2,110.00.

| Name | Hours | Value |
|------|-------|-------|
| Ryan M. Hayes | 0.90 | $135.00 |
| **Total** | **0.90** | **$135.00** |

10

### I.  <u>12. – Review and Manage Personnel Issues</u>:
(Total Hours: 10.40, Total Fees: $2,220.00)

34.  During this Interim Application Period, Rally had telephone calls with S. Rueff regarding reimbursement of expenses and employee accountability issues and her status at the company.  Additionally, Rally had discussions of personnel issues and staffing with head of dispatch department and had discussions with management regarding payroll, head count, realignment of management and management responsibilities. Finally, Rally reviewed and communicated with management concerning a change in the commission schedule for employees.

35.  In connection with the foregoing, Rally advisors expended 10.40 hours for which Rally seeks interim compensation of $2,220.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, Rally advisors expended 65.00 hours with a value of $11,845.00.

| <u>Name</u> | <u>Hours</u> | <u>Value</u> |
|---|---|---|
| Daniel T. Lee | 6.60 | $1,650.00 |
| Ryan M. Hayes | <u>3.80</u> | <u>$570.00</u> |
| **Total** | **<u>10.40</u>** | **<u>$2,220.00</u>** |

### J.  <u>13. – Preparation of Financial Projections</u>:
(Total Hours: 8.70, Total Fees: $2,175.00)

36.  During this Interim Application Period, Rally reviewed the 5 year projection plan and had discussions with Debtors' counsel concerning the cash collateral budget.

37.  In connection with the foregoing, Rally advisors expended 8.70 hours for which Rally seeks interim compensation of $2,175.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown

11

below.  In total, since the Petition Date, Rally advisors expended 52.80 hours with a value of $12,020.00.

| Name | Hours | Value |
|------|-------|-------|
| Daniel T. Lee | 8.70 | $2,175.00 |
| **Total** | **8.70** | **$2,175.00** |

### K.  14. – Communications with Debtors' Counsel Concerning D/I/P Issues:  (Total Hours: 14.40, Total Fees: $2,160.00)

38.    During this Interim Application Period, Rally had discussions with Debtor's counsel regarding assumption of leases, operating reports, review of CIGNA settlement, tax refund claims, possible purchaser of assets, adjustments to budgets, review commission fee structure, review of new cash collateral budget, discussion of selling certain assets prior to finalization of the case, discussion of Rally's role post confirmation, discussion of Joseph Cece compensation, discussion of life insurance and write off policy discussion with Castle Bank.

39.    In connection with the foregoing, Rally advisors expended 14.40 hours for which Rally seeks interim compensation of $2,160.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, Rally advisors expended 95.30 hours with a value of $14,920.00.

| Name | Hours | Value |
|------|-------|-------|
| Ryan M. Hayes | 14.40 | $2,160.00 |
| **Total** | **14.40** | **$2,160.00** |

### L.  16. – Preparation for Court Hearings: (Total Hours: 3.50, Total Fees: $825.00)

40.    During this Interim Application Period, Rally prepared for the confirmation hearing.

41.    In connection with the foregoing, Rally advisors expended 3.50 hours for which Rally seeks interim compensation of $825.00.  An itemized breakdown of the services rendered

12

to the Debtors is attached hereto as Exhibits "A" through "C." A general breakdown is shown below. In total, since the Petition Date, Rally advisors expended 5.80 hours with a value of $1,400.00.

| Name | Hours | Value |
|------|-------|-------|
| Daniel T. Lee | 3.00 | $750.00 |
| Ryan M. Hayes | 0.50 | $75.00 |
| **Total** | **3.50** | **$825.00** |

### M. 17. – Court Hearing Attendance:
(Total Hours: 4.40, Total Fees: $880.00)

42.    During this Interim Application Period, Rally attended the confirmation hearing.

43.    In connection with the foregoing, Rally advisors expended 4.40 hours for which Rally seeks interim compensation of $880.00. An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C." A general breakdown is shown below. In total, since the Petition Date, Rally advisors expended 10.20 hours with a value of $2,630.00.

| Name | Hours | Value |
|------|-------|-------|
| Daniel T. Lee | 2.20 | $550.00 |
| Ryan M. Hayes | 2.20 | $330.00 |
| **Total** | **4.40** | **$880.00** |

### N. 19. – Assistance in Preparation of Plan of Reorganization:
(Total Hours: 39.10, Total Fees: $6,915.00)

44.    During this Interim Application Period, Rally had telephone calls with Debtor's counsel, Richard Heidecke regarding provisions to include in the plan of reorganization; reviewed draft of plan and submitted comments to Debtor's counsel; reviewed five-year projection and liquidation analysis; attended meeting with Castle Bank to discuss reorganization plan, employee incentives, accounts receivable levels and bad debts and review of financial projections and work on more edits to plan of reorganization and five-year projections; attended

13

conference call with Cece, Heidecke, Wrigley, Hayes, Lee and Miller to discuss terms of plan of reorganization.  Rally also had conference calls with Cece and Wrigley to discuss reorganization planning, cost reductions and viability of billing companies for AeroCare; telephone calls with Heidecke and Peters regarding a pledge of Joseph Cece's stock and draft compensation package for Joseph Cece.

45.    In connection with the foregoing, Rally advisors expended 39.10 hours for which Rally seeks interim compensation of $6,915.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, Rally advisors expended 73.10 hours with a value of $13,250.00.

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 1.60 | $640.00 |
| Daniel T. Lee | 4.50 | $1,125.00 |
| Ryan M. Hayes | 33.00 | $5,150.00 |
| **Total** | **39.10** | **$6,915.00** |

**O.  20. – Preparation of Applications for Compensation**:
(Total Hours: 8.40, Total Fees: $3,185.00)

46.    During this Interim Application Period, Rally prepared, modified, edited, completed and served the December 2012 monthly application for compensation and also those for January and February 2013; prepared Rally's third interim application for compensation for the period from October 1, 2012 through December 31, 2012; and attended the court fee hearing on said request.

47.    In connection with the foregoing, Rally advisors expended 8.40 hours for which Rally seeks interim compensation of $3,185.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown

14

below.  In total, since the Petition Date, Rally advisors expended 32.20 hours with a value of $12,080.00.

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 7.70 | $3,080.00 |
| Ryan M. Hayes | 0.70 | $105.00 |
| **Total** | **8.40** | **$3,185.00** |

### P.  21. – Cost Reduction Planning:
(Total Hours: 2.10, Total Fees: $315.00)

48.     During this Interim Application Period, Rally held conference calls with Joseph Cece and Ryan Wrigley to discuss ongoing issues and to discuss new procedures to reduce expenses.

49.     In connection with the foregoing, Rally advisors expended 2.10 hours for which Rally seeks interim compensation of $315.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C."  A general breakdown is shown below.  In total, since the Petition Date, Rally advisors expended 20.30 hours with a value of $4,155.00.

| Name | Hours | Value |
|------|-------|-------|
| Ryan M. Hayes | 2.10 | $315.00 |
| **Total** | **2.10** | **$315.00** |

### Q.  22. – Onsite Operational Oversight:
(Total Hours: 47.30, Total Fees: $7,595.00)

50.     During this Interim Application Period, Rally, mostly through Ryan Hayes, the junior member of the team and the least expensive, spent substantial time on-site at the debtors premises for operational oversight, including a review of business activity with management, discussing with management bills and disbursements, monitoring cash flow and accounts receivable billing, reviewing daily tracking reports and results, reviewing all pending checks for approval, analyzing bank activity and putting together relevant information for investment

15

bankers needed to market the company and reviewed and analyzed potential cost savings with regards to sale of unused operating vehicles, revisions to medical staff payroll and facility rent savings. Finally, Rally analyzed international flights to see if they are profitable.

51.    In connection with the foregoing, Rally advisors expended 47.30 hours (or, approximately 4 hours per week during the fee period) for which Rally seeks interim compensation of $7,595.00. An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibits "A" through "C." A general breakdown is shown below. In total, since the Petition Date, Rally advisors expended 686.73 hours with a value of $108,283.33.

| Name | Hours | Value |
|------|-------|-------|
| Daniel T. Lee | 5.00 | $1,250.00 |
| Ryan M. Hayes | 42.30 | $6,345.00 |
| **Total** | **47.30** | **$7,595.00** |

**R.  23. – Statement of Expenses:** (Rally Total Expenses: $974.96)

52.    Rally has also incurred or accrued expenses of $974.96 for travel mileage, which was calculated at the IRS rate of .555 for travel between Rally's offices and the Debtors place of business. Overall, Rally expended the sum of $11,313.41 for reasonable and necessary expenses in connection with its work as financial advisor to the Debtors.

## V.    APPLICABLE LEGAL STANDARDS AND CRITERIA

53.    Section 330 of the Bankruptcy Code provides, in relevant part:

(a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103—

(A)    reasonable compensation for actual, necessary services rendered by . . . such person; and

(B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

54.    Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable. Bankruptcy Rule 2016, in turn, requires that

> [a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.

55.    In determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate.  As the United States Court of Appeals for the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation.  It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner.  On the other hand, it is also possible that [the Debtors] would not have enjoyed the success it did had its counsel managed matters differently.

In re Boston and Maine Corporation, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations omitted).  The Seventh Circuit has recognized that the appropriate measure to determine the reasonableness of fees is the market based approach.  See Steinlauf v. Continental Illinois Corp. (In the Matter of Continental Illinois Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992).

## VI.    APPLICATION OF RELEVANT CRITERIA AND STANDARDS TO THIS COMPENSATION REQUEST

56.    In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by Rally, the reasonableness of the services rendered and the results achieved.  All of the services performed by Rally were necessary, were authorized by the Court and were performed by Rally at the request and direction of the Debtors.  Pursuant to Section 331 of the Bankruptcy Code and the generally

applicable criteria of the time, nature, extent and value of the services performed, all of Rally's services are compensable.

57.     The experience and expertise in bankruptcy cases and the quality of the services brought to this case by Rally further supports the requested compensation.  Rally has charged the estate the normal and customary hourly rates for similar services rendered in like circumstances to other clients.   Furthermore, the rates at which Rally seeks compensation are its standard hourly rates.   The rates are comparable to the rates charged by other practitioners of similar experience, competence and standing in the community.

58.     Rally submits that its hourly rates and hours for which compensation is sought are reasonable and appropriate.  The compensation request is well within an acceptable range for comparable services in the Chicago metropolitan community and is eminently fair given the efforts required of Rally in this case, and the risk of non-payment.

## VII.   STATEMENT OF SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE

59.     No agreement exists between Rally and any third party for the sharing of compensation received by Rally in this case, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of Rally.

60.     During the Interim Application Period, Rally has devoted 363.70 hours to represent the Debtors with respect to categories (A)-(Q) above, and has provided the Debtors with actual and necessary legal services worth a total of $62,050.00 and has incurred expenses totaling $974.96.

61.     During the Interim Application Period, Rally's average hourly rate was $172.57.

18

62.     A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 5082-1, is attached hereto as Exhibit "A" through Exhibit "C".

63.     A computer generated statement of expenses incurred by Rally is attached hereto as Exhibit "A" through Exhibit "C".

64.     Attached hereto as Exhibit "D" is the Affidavit of David N. Missner attesting to, among other things, the accuracy of the information set forth in Exhibits "A" through "C" of this Application.

65.     Attached hereto as Exhibit "E" is a summary of fees by individual Rally professionals who have provided services to the Debtors during the Final Application Period.

66.     Attached hereto as Exhibit "F" is a summary of the categories of services performed by Rally during the Final Application Period.

**WHEREFORE,** Rally Capital Services, LLC, financial advisor for the Debtors herein, respectfully requests that this Court enter an Order authorizing and approving:

A.     Interim compensation in the amount of **$62,050.00**, incurred for actual, necessary and valuable professional services rendered to the Debtors from January 1, 2013 through and including March 27, 2013;

B.     Interim reimbursement of expenses totaling **$974.96** incurred from January 1, 2013 through and including March 27, 2013;

C.     Final compensation in the amount of **$401,408.33**, incurred for actual, necessary and valuable professional services rendered to the Debtors from March 15, 2012 through and including March 27, 2013;

D.     Final reimbursement of expenses totaling **$11,313.41** incurred from March 15, 2012 through and including March 27, 2013; and

19

E.   Granting such other and further consistent relief as the Court may deem equitable

and just.


Dated: May 6, 2013                     Respectfully Submitted,

                                       **RALLY CAPITAL SERVICES, LLC**

                                       By:   _/s/ David N. Missner_
                                              David N. Missner (ARDC #06194797)
                                              Thomas C. Wolford (ARDC #06194526)
                                              Two North LaSalle Street
                                              Suite 1700
                                              Chicago, IL  60602-3801
                                              (312) 269-8000

                                       *Financial Advisor to the Debtors*

## <u>CERTIFICATE OF SERVICE</u>

David N. Missner, an attorney, certifies that on May 6, 2013, he caused the foregoing *Fourth Interim and Final Fee Application of Rally Capital Services, LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Debtors R & M Aviation, Inc., et al. for the Period from March 15, 2012 through and including March 27, 2013* (the "**Application**") to be filed electronically.  Notice of this filing was sent by operation of the Court's electronic filing system to the following parties:

Barry M Barash
barashb@barashlaw.com, courtmail@barashlaw.com

Mark A Berkoff
mberkoff@ngelaw.com, cdennis@ngelaw.com

Teresa M Dickinson
tdickinson@statmanharris.com

Dennis A Dressler
ddressler@dresslerpeters.com

Marc Ira Fenton
mfenton@statmanharris.com

Leo M Flanagan Jr
leo@attyflanagan.com, mkappler@attyflanagan.com

David J. Frankel
dfrankel@sormanfrankel.com

Patrick M. Jones
pmj@greensfelder.com, je@greensfelder.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Edward S. Margolis
emargolis@tellerlevit.com

Nicholas M Miller
nmiller@ngelaw.com

Kenneth D Peters
kpeters@dresslerpeters.com,
rmccandless@dresslerpeters.com

James M Philbrick
jmphilbrick@att.net

Louis J. Phillips
lphillips@pfs-law.com, msiedlecki@pfs-law.com

Kevin G Schneider
kschneider@ngelaw.com

Michael Traison
traison@millercanfield.com,
wysocki@millercanfield.com,swansonm@millercanfield.com

Bradley J Waller
bwaller@ksbwl.com, vmaurer@ksbwl.com

David A Wargula
 dwargula@dresslerpeters.com,
rmccandless@dresslerpeters.com

Thomas C. Wolford
twolford@ngelaw.com

Bruce E de'Medici
bdemedici@gmail.com

Faith Dolgin
faith.dolgin@illinois.gov

Patrick Keely
pkeeley@pkalaw.com

Peter Roberts
proberts@shawfishman.com

Additionally, the parties listed below were served via U.S. Mail delivery:

M. Gretchen Silver
Office of the United States Trustee
219 S. Dearborn, Room 873
Chicago, IL  60604

R & M Aviation, Inc. d/b/a AeroCare
   Medical Transport System, Inc.
Attn:  Joseph D. Cece
43W526 US Highway 30
Sugar Grove, IL  60554

21

Illinois Department of Revenue
Bankruptcy Section – Level 7-425
100 West Randolph
Chicago, IL  60601

Internal Revenue Service
Mail Stop 5110 CHI
230 South Dearborn
Chicago, IL  60604

Dressler Peters, LLC
Attn:  Kenneth D. Peters, Dennis A. Dressler
and David A. Wargula
Counsel for First National Bank of Omaha
Successor by merger to Castle Bank, N.A.
111 West Washington Street, Suite 1900
Chicago, IL  60602

The Receivables Exchange, LLC
935 Gravier Street, 12th Floor
New Orleans, LA  70112

Richard A. Heidecke
Heidecke Law Offices
1550 Spring Road, 3rd Floor
Oak Brook, IL  60523

Barash & Everett, LLC
Attn:  Barry M. Barash
Counsel to Jet Air, Inc.
256 South Soangetaha Road
Galesburg, IL  61401

Statman Harris & Eyrich, LLC
Attn: Marc Fenton and Teresa Dickinson
Counsel for Fifth Third Bank
200 West Madison Street, Suite 3820
Chicago, IL  60606

Greensfelder, Hemker & Gale, P.C.
Attn:  Patrick M. Jones
Counsel for Creditors Committee
200 West Madison Street, Suite 2700
Chicago, IL  60606

Mercedes-Benz Financial Services USA LLC
c/o BK Servicing, LLC
P.O. Box 131265
Roseville, MN  55113-0011

Ascension Capital Group, Inc.
Attn: BMW Financial Services NA, LLC Department
Account: XXXXXXXXXXX0483
P.O. Box 201347
Arlington, TX  76006

Annie E. Catmull
Josh T. Judd
Hoover Slavacek LLP
5847 San Felipe, Suite 2200
Houston, TX  77057

Louis J. Phillips
Patzik, Frank & Samotny Ltd.
150 South Wacker Drive, Suite 1500
Chicago, IL  60606

Parties may access this filing through the Court's CM/ECF system.

*/s/ David N. Missner*

David N. Missner (ARDC No. 06194787)
**RALLY CAPITAL SERVICES, LLC**
Two North LaSalle Street – Suite 1700
Chicago, IL  60602-3801
(312) 269-8000

NGEDOCS: 2074398.1